PENSACOLA GAS COMPANY, APPELLANT, vs. A. LOTZE'S SONS & CO., ET AL., APPELLEES.

1. In construing a contract all its parts should be considered; and the point to be ascertained is the meaning and understanding of the parties, as shown by the language used, applied to the subject matter.

2. One part of an agreement may be resorted to to explain the meaning of the language or expressions of another part.

3. The lessee of a hotel, and his lessors and his creditors, who had a mortgage on the hotel outfit, and whose claims were past due, and one C. entered into an agreement whereby the creditors agreed to forbear the enforcement of their claims for a stated period. The lessors also made certain concessions for the period stated, or until the creditors should, within such period, be paid. The creditors were also given a lien on additional personal property in and about the hotel. The lessee, Hickey, by said agreement, conveyed to C. all the personal property in and about the

hotel, and agreed, as did the lessors, that C. should take entire and exclusive charge and management of the hotel, subject only to the right of Hickey, "as innkeeper, to manage said hotel for the accommodation of transient guests and boarders for *the use and benefit entirely of the*" creditors. It was agreed by all that C. should render the lessors and creditors at least once a month, a statement of the business of the hotel, of which he was to be clerk and bookkeeper, and have exclusive charge of all accounts pertaining to its business, keeping also a personal expense account with H.; and that he should remit to the creditors with such monthly statements all moneys over and above the current expenses of the hotel. Upon full payment by C., within the period stated, of the sums due the creditors, he was to re-convey to Hickey, but upon failure to pay in full he was to convey to the creditors, unless the lessors should assume the indebtedness, when conveyance was to be made to the lessors; *Held,*

1st. That the "creditors" (defendants and appellees) did not *by such contract* become liable for any expense of operating the hotel, and that it was not the purpose of the parties thereto to create any such liability upon the said creditors.

2d. That the meaning of the expression as to managing the hotel "for the use and benefit entirely of the" creditors, is shown by the subsequent clauses of the agreement, which provide, in effect, that the net earnings of the hotel should be applied, in so far as necessary, to the payment of their claims.

Appeal from the Circuit Court for Escambia county.

The following is the contract referred to in the opinion:

"This indenture, made this twenty-second day of April, eighteen hundred and eighty-five, and this article of agreement by and between D. K. Hickey, party of the first part, The Citizens' Hotel Company, party of the second part, both of Pensacola, Florida, and John Shiletto Company, acting by E. B. Maloney, its attorney thereunto authorized, and Henry Oskamp, acting for himself and as the duly authorized agent of A. Lotze's Sons & Company, parties of the third part, all of Cincinnati, Ohio, and

Stephen F. Chipley, party of the fourth part, of Pensacola, Florida, witnesseth as follows: That the said party of the first part for and in consideration of the sum of one dollar and other considerations to him in hand paid by.the said party of the fourth part, the receipt whereof is hereby acknowledged, hereby grants and has granted, bargained, sold. aliened, remised, released, conveyed and confirmed, and by these presents does hereby grant,- bargain, sell, alien, remise, release, convey and confirm unto the said party of the fourth part, his successors and assigns forever, all that certain personal property situated and located in. what is known as the New Continental Hotel, in the city of Pensacola, Florida, and which said personal property is more particularly described in exhibits or schedules marked A, B and C, of a certain chattel mortgage from said party of the first part to the said parties of the third part, which chattel mortgage bears date of January the twenty-ninth, eighteen hundred and eighty-five, and is recorded January the thirty-first, eighteen hundred and eighty-five, in Mortgage Book V, pages 268 to 278, of the record of mortgages in the office of the Circuit Court Clerk and Recorder of Escambia county, Florida; also, in addition thereto the following:

"One fire proof safe, Mosler Safe and Lock Company make Three billiard tables, with appurtenances complete. One set bar fixtures, together with counter, sideboard and all glass ware.

" One lot of cane-seated or perforated-seated chairs bought of or made by Long Bros., of Louisville, Ky.

" One lot of gas fixtures; all of the china ware, silver ware, table ware, bed and table linen, together with all the other furniture contained in the aforesaid Continental Hotel; one bay mare and one bay horse and one spring wagon used in and about said premises—for the following

uses, trusts and conditions, to-wit: The said Stephen F. Chipley party of the fourth part is, by and with the consent of the Citizens' Hotel Company of Pensacola, Florida, which consent is hereby indicated by its acceptance of the terms herein prescribed, as attested by its officers hereunto duly authorized, to take entire and exclusive charge and management of the New Continental Hotel, in the city of Pensacola, Florida, subject only to the right of the said party of the first part as an innkeeper to manage said hotel. for the accommodation of transient guests and boarders for the use and benefit entirely of the said parties of the third part, and the said party of the second part hereby waives all right, if any it have by virtue of a landlord's or any other lien, in any and all of said property, or any portion thereof, herein described, in favor of said parties of the third part to this extent: that whereas the said party of the first part is indebted to said parties of the third part in the sum of fifteen thousand and seventy-three ($15,073) dollars, no part of which has been paid, and said parties of the third part hereby consent, as evidenced by their signatures hereto, to postpone and delay the collection or attempted collection by foreclosure or otherwise of their said claim of fifteen thousand and seventy-three ($15,073) dollars, all of which is now by the terms of their said mortgage overdue and unpaid for the period of three (3) years, with interest at six per cent. from date hereof, unless the same can be paid by the said party of the first or fourth part within a shorter period of time, and provided that in any event no less than one-third of the amount of said indebtedness shall be paid in each year from the date hereof with interest; and provided further, and this condition of postponement of payment for the period of one (1), two (2) and three (3) years respectively, unless the same can be sooner paid, shall depend entirely upon the said party of

the second part, releasing to said party of the first part one-half (½) of any and all claims for rent due or to become due to the said party of the second part from said party of the first part for the rental of the said New Continental Hotel for the period of time requisite and necessary to pay off and fully discharge all claim or claims which the said third party may have against the said first party by virtue of said mortgage or this deed of trust, not exceeding in any event the said prescribed period of three (3) years, and postponing the payment of the one-half of the rental not hereby released, until the expiration of the three (3) years aforesaid; and provided also, that this stipulation shall in no wise release said party of the first part from the payment of taxes and insurance as heretofore provided in his lease with the said party of the second part; and provided further, that said rental shall immediately after the payment and satisfaction of the claims or demands of the said third parties become due and payable, as in the said lease between the first and second parties provided, for the period of time intervening between the completion of said payments of said claims or demands of said third parties and the expiration of said lease according to the terms and conditions of the same for said period of time.

" It is hereby expressly understood and agreed by all the parties hereto that the said party of the fourth part shall at least once per month, and oftener, if required, render to each of said parties of the second and third part a concise statement of the business of said hotel, and shall be clerk and book-keeper of the said hotel, and shall have exclusive charge of all accounts pertaining to the business of said hotel, and said party of the fourth part, by terms of this agreement, shall open and keep a personal expense account with the said party of the first part. Furthermore, the said party of the fourth part shall remit to the said

parties of the third part, as the foregoing monthly statements are rendered, all moneys remaining in his hands over and above the current expenses of said hotel, and moreover shall in consideration of the foregoing terms and conditions serve without compensation as such trustee, but shall have a salary as book-keeper only.

"It is further understood and agreed by and between all the parties hereto that the said fourth party paying to said third parties all moneys due and to become due, under the terms of this agreement or deed of trust according to the terms and import thereof, then and in that event said party of the fourth part shall reconvey to said party of the first part all and singular the property herein conveyed, subject to the claim and lien of the party of the second part for all rent hereby postponed and for all taxes and insurance, according to the terms of the lease, which lien is hereby given and recognized. And in the event of the failure of the said party of the fourth part to make all payments under this instrument of writing according to its terms and conditions for the period of any one year of the three years embraced herein upon demand made upon said trustee at the option of said third parties, the said fourth party shall convey to said third parties all and singular the property herein described free and clear from all claims of any of the parties hereto, provided that before said conveyance shall be made the party of the second part shall, after notice by the third party of one month, have the privilege of having the same conveyed to it upon assumption by it of the liability then remaining upon the said party of the first part according to the agreement.

"In case of death or resignation of this trustee a successor shall be appointed by the party of the first part with the approval of the parties of the second and third parts.

"Any successor or successors of the party of the second

part shall have all the rights and privileges in the premises now held, enjoyed or granted by the terms of this instrument to said second parties."

The other facts of the case are sufficiently stated in the opinion.

*J. C. Avery* for Appellant.

*Maxwell & Mallory* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellant was plaintiff and the appellees were defendants in the Circuit Court. These defendants are D. K. Hickey, who is the party of the first part, and the John Shiletto Company, a body corporate, Henry Oskamp and A. Lotze's Sons & Co., who are the several parties of the third part to the contract set out in the statement of the case.

The declaration alleges that the defendants became liable by such contract to pay debts contracted for the purpose of conducting the hotel for the uses mentioned and purposes set forth in the contract, and that thereafter the plaintiff supplied gas of the value of $699.17 for the hotel, and that such gas was used therein while it was being conducted under the terms of the contract. The defendants demurred to the declaration and the demurrer having been sustained and the plaintiff not desiring to amend his declaration, judgment was rendered in favor of the defendants and the plaintiff appealed.

The question before us is whether or not the defendants became liable by virtue simply of this contract to pay debts contracted in conducting the hotel.

It is apparent from the terms of the contract that Hickey, the party of the first part, was the lessee of the New Con-

tinental Hotel at Pensacola, and that he was indebted to the parties of the third part in the sum of about $15,000, and that such indebtedness was, at the date of the contract, past due, and this indebtedness was secured by a mortgage on the bulk of the furniture and outfit of the hotel. The concession made by the parties of the third part is a forbearance in the enforcement of their claim for the period of three years, upon the condition that one-third of it should be paid annually during such period. The concession made by the hotel company, the parties of the second part, is a release of fifty per cent. of their rental until the parties of the third part shall be paid, but not for a longer period, however, than said three years, and a forbearance as to the remaining fifty per cent. of the rental payable by Hickey, this forbearance to last during the period of the forbearance of the parties of the third part, and also of their landlord's lien (if there be any) on any property in the hotel during said period of the forbearance of the parties of the third part. The benefit or consideration enuring under the contract to the parties of the third part is, in the first place, a lien upon certain personal property of Hickey's, used in and about the hotel, and not covered by their aforesaid mortgage, as an additional security of their claim against Hickey. The other benefit or consideration of the parties of the third part is that the net earnings of the hotel during the said period of forbearance shall be applied to the payment of Hickey's indebtedness to them. Hickey not only conveys to Chipley, the party of the fourth part, all the personal property in and used in connection with the operation of the hotel, but he agrees, as does the hotel company, his lessor, that Chipley shall take " entire and exclusive charge and management" of the hotel, "subject only to the right" of Hickey "as an innkeeper to

manage said hotel for the accommodation of transient guests and boarders for the use and benefit entirely of said parties of the third part." It is provided by the contract as "expressly understood and agreed by all the parties thereto" that Chipley shall at least once per month, and oftener if required, render to each of said parties of the second and third part a concise statement of the business of said hotel, and shall be clerk and book-keeper of the hotel and have exclusive charge of all accounts pertaining to the business of said hotel, and shall open and keep a personal expense account with Hickey; and shall remit to the parties of the third part, as the foregoing monthly statements are rendered, all moneys remaining in his hands over and above the current expenses of the hotel. Chipley is to have a salary as book-keeper, but no compensation as trustee. Upon payment by Chipley as provided in the contract to the parties of the third part of all the moneys due them, he is to reconvey to Hickey, but in the event that they shall not be paid in full as provided by the contract, Chipley is upon demand and option of the parties of the third part to convey to them, unless the hotel company shall, after one month's notice, assume the said indebtedness, in which event the property shall be conveyed to the hotel company. In case of the death or resignation of the said trustee a successor is to be appointed by Hickey, with the approval of the hotel company and the parties of the third part. Any successor of the hotel company is to have all rights and privileges of such company under the contract.

Looking at this agreement as a whole we are unable to infer from its terms alone, or from its terms considered with reference to the situation and purposes of the several parties, that there was any purpose to create by it any liability upon the parties of the third part, or, we may also

say; upon the parties of the second or fourth parts, for the hotel operations. And in so far, moreover, as Hickey is concerned, it was not the purpose of the agreement to create of itself any liability on his part to any third persons who might supply him as innkeeper. The purpose of the parties is apparent: it was to give Hickey, the lessee, an opportunity to continue to operate the hotel and to pay off his indebtedness by such operations; and it must be assumed that all the parties hoped that he would be able to pay it in at least three years. Should he do so the Hotel Company would, upon such payment, find itself with a lessee owning the furniture and outfit of the hotel discharged of any lien, and with no obstacle in the way of their realizing the rental, and besides all this their hotel would have established both a profitable business and good reputation. To secure these ends the company was naturally willing to make concessions. As one condition to the concessions made by the parties of the third part and the Hotel Company, it was required by such parties and the company that Chipley should have the powers given him. His powers were to be subject to Hickey's right as innkeeper to manage the hotel for the accommodation of transient guests and boarders. The real purpose of vesting Chipley with these powers was to secure, through him, an insight into the operations of the hotel, a correct application of its earnings, so far as necessary to the legitimate accounts or expenses of the hotel, and a monthly application of its earnings to the indebtedness. Chipley's powers were a restraint upon those of Hickey as lessee and innkeeper, but were never intended to create and do not create any liability upon the part of the parties of the third part for any expense of operating the hotel. They were intended as a benefit to such parties.

It is true the contract in stating Chipley's powers says

that he shall take entire and exclusive charge and management of the hotel " subject only to the right of " Hickey " as an innkeeper to manage said hotel for the accommodation of transient guests and boarders for the use and benefit entirely of said parties of the third part " who are the defendants other than Hickey. The meaning and force of the expression of managing the hotel " for *use and benefit entirely* of the parties of the third part " is shown by the subsequent clauses of the agreement, which provide that the net earnings of the hotel shall be applied, in so far as they may be necessary, to satisfy the claims of such parties. Looking at all parts of the agreement, and the evident purpose of all the parties to it, no other meaning can be given it.

These net earnings, should there be any, are all the benefit parties of the third part were to receive from the operations of the hotel, and the considerations they were to give for such benefits are plainly stated, and it would do violence both to the spirit and language of the agreement to hold that in addition to the expressed concessions and considerations for the same they had assumed a liability for the hotel operations and become jointly liable with, or a partner, if not the principal of Hickey, as to such operations.

The first point in construing a contract is to ascertain what was the meaning and understanding of the parties, as shown by the language used, applied to the subject matter. 2 Parsons on Contracts, 495. No violence is done to either any rule of language or of law in the conclusion which we reach.

Judgment affirmed.