MIZELL LIVE STOCK COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. J. McCASKILL COMPANY, A CORPORATION, *Defendant in Error*.

1. It is the duty of counsel for defendant in error or appellee to file in this court a brief, in support of the correctness of the judgment or decree rendered by the trial court which has been brought here for review.

2. All parties are free to make whatever contracts they please, so long as no fraud or deception is practiced and there is no infraction of law, and the fact that one of the parties may have made a rather hard bargain will not avoid the contract.

3. It is a cardinal rule in the construction of contracts that the intention of the parties thereto is to govern, and where the terms thereof are doubtful or ambiguous, the construction placed thereon by the parties themselves may be shown and shall govern.

4. For the purpose of securing the payment of the purchase price of personal property, the buyer may execute to the seller an instrument, stipulating therein that the title to such property shall remain in the seller until such purchase price is fully paid, and such buyer may in the same instrument mortgage other personal property for the purpose of further securing the payment of such purchase price. When this has been done and default has been made in the payment of the purchase price, the seller may maintain an action of replevin for the property so conditionally sold, and, in such an action, it is error to refuse to admit such instrument in evidence and to sustain objections interposed thereto on the ground that such instrument is a mortgage, especially when the plaintiff offers and promises to follow up such instrument and connect it with other evidence.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

C. L. *Wilson*, for Plaintiff in Error;

*Wm. W. Flournoy*, for Defendant in Error.

SHACKLEFORD, J.—This is an action of replevin instituted by the plaintiff in error against the defendant in error to recover the possession of two mules; alleged to be of the value of $500. The declaration is in the usual form, to which the defendant filed a plea of not guilty. The cause came on for trial before a jury and, upon the court sustaining objections to certain proffered testimony of the plaintiff and refusing to admit the same, the plaintiff suffered a non suit, whereupon a final judgment was entered against it, which is brought here for review, with a bill of exceptions, as provided by section 1697 of the General Statutes of 1906. A former writ of error was dismissed for the reason that the transcript of the record failed to show any final judgment. Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla. 118, 49 South. Rep. 501.

Only one error is assigned and only one point presented to us for consideration and determination. After the vice-president of the plaintiff corporation had testified as a witness in its behalf to the effect that such corporation was engaged in the business of selling live stock, mules and wagons and had made a sale of some mules to one D. C. Grace, from whom a certain paper was taken, which the witness produced and identified, such paper was offered in evidence, counsel for plaintiff making the following statement at the time of such offer: "We now offer in evidence this paper for the purpose of showing the identity of the mules and the retention of title in

said mules by the plaintiff in this case, of course we .expect to connect it later with the mules."

The defendant interposed the following objection: "We object to the paper being introduced for the purpose of showing that the title was retained, for, as a matter of fact, it shows on its face it is a mortgage and not a retaining title." The court sustained the objection, to which ruling the plaintiff duly excepted. Counsel for plaintiff again offered such paper in evidence, and said "that he expected to follow up and prove by parol testimony that the first two mules described in said paper were the mules involved in this suit and were taken by the sheriff in this replevin proceeding from the defendant in this case and that the note in this case or paper offered in evidence had not been paid." The proffered paper was as follows:

"Marianna, Florida, February 12, 1908.

$725.00

On or before the 1st day of September, 1908, I promise to pay Mizell Live Stock Company or order Seven Hundred twenty-five and no/100 Dollars at its office at Marianna, Florida, for value received, with interest at 10% from mat. until paid, together with reasonable attorney fee, and all expenses incurred in any manner incident to collection of same, whether by suit or otherwise, including recording fees.

This note is given for the purchase price of One Sorrel mare mule about 7 years old. One black horse mule 4 years old. One brown mare mule or mouse colored with dark stripe running over shoulder. $100.00 due 9/1/8, 10/1/8, etc., till paid 10% interest after maturity. It is specially understood that the conditional sale of the above described property is not based on a guarantee as to soundness or working qualities, the title to which

property shall remain in said payee until this note with all amounts I now owe or may hereafter owe are fully paid, and said payee may either in person or by agent at any time after default in payment hereof, or any installment hereof, with or without legal process, retake said property, wherever found, and sell same at public or private sale, as payee may deem best, and the proceeds of sale shall be credited hereon, and if, after crediting same hereon, there should be any balance due on this obligation, then the payee may foreclose this obligation upon the property hereinafter described for the collection of such balance.

It is understood that if I fail to pay any installment when due, then each and every installment shall become immediately due and payable, or if I mistreat the above described property, or fail to take the proper care of same, of the security embraced herein should depreciate in value from any cause, and I should fail or refuse to furnish additional when so required by payee, or if I sell or otherwise dispose of, or attempt to sell or dispose of, or remove from county in which now located, the above property, or any part thereof, or property mortgaged below, or any part thereof, or if there should be a breach of any condition of this contract, this note and mortgage shall become immediately due and payable, and subject to foreclosure, and if from any cause this obligation shall become due and payable before or at actual maturity, hereof, and same is placed in the hands of an attorney for collection, then the attorneys fee provided for shall become due and collectable also.

To better secure the above note as well as any other amounts I, we or either of us now owe or may owe to said payee, I hereby grant, bargain, sell and convey unto said payee heirs and assigns the following property, to-wit: All of my or our live stock and all other personal

property including all round and square timber, house-hold and kitchen furniture of every kind and character, my entire crops of every kind and description including turpentine raised in the years 1907, 1908, 1909, 1910, by me or under my direction in Jackson county, Florida, or elsewhere, all rents and advances coming to me, us or either of us as landlord, all salary or wages due now or that may become due before the full settlement of this note and mortgage, also, one sorrel mare mule about 8 years old named Ada, that I bought from Mr. Kitchen, Spring 1907. One dark bay horse mule about 6 years old named George that I got from a man on the R. R. swapping a mule that I got from Mr. Kitchen for it. One mouse col-ored mare mule named Pet about 8 years old that I got Ned Blue. These mules are all straight and sound, in good working condition, and have good eyes, worth $250.00 each, and it is upon such representation that this credit is extended to me. I live in Marianna, but own a plan-tation two miles from town, and saw mill on Dry Creek.

All the above property is warranted free from any in-cumbrance and against any adverse claims, and it is upon such representation that the conditional sale of the above mentioned property is made to me, and if such repre-sentation should be found hereafter to be untrue, then the payee may declare this note and mortgage and each installment thereof immediately due and payable, and subject to immediate foreclosure to collect same, and the payee may retake the property conveyed as hereinbefore provided.

We hereby severally waive presentment, protest, or notice of protest and sureties and indorsers consent that time of payment may be extended without notice hereof.

The condition of this obligation is such that if I pay, or cause to be paid the above note at maturity according to its legal tenor and effect, together with all costs, in-

terest, and charges, and attorney fees, if any, together with all other amounts I, we, or either of us may owe the payee if any, then this obligation to be null and void, else to remain in full force and effect.

Signed, sealed and delivered this the 12th day of February, 1908.

C. W. Jacobs.

(Signed)        D. C. Grace    (Seal)

Alto Jacobs."

Such paper appeared to have been properly proved for record and to have been duly recorded. The defendant interposed the same grounds of objection as before, which were sustained, to which ruling the plaintiff duly excepted, and then suffered a non suit.

The question we are called upon to answer is did the court commit error in refusing to admit such paper in evidence?

We regret that the defendant in error has not seen fit to favor us with a brief. As we held in Chamberlain v. Lesley, 39 Fla. 452, 22 South. Rep. 736, "It is the duty of counsel for defendant in error to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court." Also see First National Bank of Pensacola v. Hirschkowitz, 46 Fla. 588, text 594, 35 South. Rep. 22, text 24.

The trial court is authorized to regulate the order of the introduction of evidence and its discretion in the matter, either in receiving or rejecting evidence, will be interfered with by an appellate court only when a clear abuse thereof is made to appear. Stearns & Culver Lumber Co. v. Adams, 55 Fla. 394, 46 South. Rep. 156. That is not the point, however, presented here, since no such ground of objection was made in the court below, and we shall confine our attention to those grounds, but the cited

case will prove useful as to the practice in receiving or admitting evidence conditionally. As we held in Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985, "It is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in this court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court."

.We have held that parties are free to make what contracts they please, so long as no fraud or deception is practiced and there is no infraction of law, and the fact that one of the parties made a rather hard bargain would not avoid the contract. Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 South. Rep. 427; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. As was further held in Scotch Mfg. Co. v. Carr, *supra*, it is a cardinal rule in the construction of contracts that the intention of the parties thereto is to govern, and, where the terms thereof are doubtful or ambiguous, the construction placed thereon by the parties themselves may be shown and shall govern. Nothing said in Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754, militates against or is in conflict with this principle. In that case we also held that the intent of the parties was the principal thing to be regarded, and, only in case of doubt as to whether the parties intended the transaction to be an absolute deed of conveyance or bill of sale, conditional sale, or a mortgage, would courts of equity, in pursuance of a wise and benign rule, deem and hold the transaction and instrument to constitute a mortgage. We further held in Scotch Mfg. Co. v. Carr, *supra*, that the principles of technical nicety cannot be strictly applied

to the construction of every day oral contracts made by plain business men in their course of trade and traffic, as to do so would frequently result in overthrowing the meaning and understanding of the parties. This principle may well be borne in mind in the construction of written contracts made by such parties.

Turning now to the proffered and rejected instrument in the instant case, are we left in any state of doubt as to the intention of the parties thereto? We think not. It would seem to be clear that the intention was that the title to the first two mules described therein was to remain in the seller thereof, the Mizell Live Stock Company, until the purchase price thereof had been paid, and also that a chattel mortgage was intended to be executed by D. C. Grace, the buyer, upon other property described therein, for the purpose of further securing the payment of the purchase price of such mules. Why could not the entire transaction between the parties be embraced in one and the same instrument? We know of no principle of law to prevent, and, as we have previously said, the defendant in error has filed no brief and cited no authorities to us. The following authorities cited in the brief of the plaintiff in error will be found to throw light upon the question: Pettyplace v. Groton Bridge & Mfg. Co., 103 Mich., 155, 61 N. W. Rep. 266, with note at the end of the opinion collating prior Michigan cases; Peninsular General Electric Co. v. Norris, 100 Mich. 496, 59 N. W. Rep. 151; Case Manuf'g Co. v. Smith, 40 Fed. Rep. 339; Seanor v. McLaughlin, 165 Pa. St. 150, 30 Atl. Rep. 717, S. C. 32 L. R. A. 467; Smith v. DeVaughn, 82 Ga. 574, 9 S. E. Rep. 425; Page v. Edwards, 64 Vt. 124, 23 Atl. Rep. 917; McCormick Harvesting Mach. Co. v. Lewis, 52 Kan. 358, 35 Pac. Rep. 12. We shall not undertake an analysis of these cited cases, but we do not wish to be understood as adopting or approving all that is said

therein. Suffice it to say that they seem to support the contention of the plaintiff in error. We are clear that the court erred in refusing to admit the proffered instrument in evidence for the stated purpose and in sustaining the grounds of objection urged. For this error the judgment must be reversed and the case remanded for a new trial. It is so ordered.

All concur except TAYLOR, J., absent on account of illness.