BEN AARONS, *Plaintiff in Error*, v. E. F. DOUGHERTY, *Defendant in Error*.

Opinion Filed May 10, 1920.

1. On a conditional sale, where the vendor reserves title to the property until payment of the purchase money, on default of payment thereof as stipulated the vendor can maintain an action of replevin for such property.

2. Upon a sale of personal property the vendor took notes of the vendee for a balance due on the purchase price, containing a provision that title to the property sold was retained by the vendor until the notes were paid. The notes provided also for the payment of a reasonable attorney's fee if delivered

after maturity to an attorney for collection. After the maturity of the last of the notes payment thereof was demanded and the maker was, at his request, informed of the amount due, principal and interest, and agreed to pay the same at a stated later date, but no consideration was given for forbearance. Payment was not made upon the agreed date and the note was placed in the hands of an attorney for collection. The day following the day upon which payment was to have been made the maker's check for the amount so given him was received by the payee, but in the meantime the note had been delivered to an attorney for collection. The check was not accepted but was returned and suit instituted to recover possession of the property.

Held:   That the mailing of a check for the amount stated to be due a day later than the date agreed upon, if its acceptance in full settlement of the obligation when received was declined, the note in the meantime having been delivered to an attorney for collection, does not amount to payment of the note; neither does it, under the circumstances, operate as an estoppel to demand the full amount of the note, principal and interest, and a "reasonable attorney's fee" to the attorney to whom the note was delivered after maturity for collection.

A writ of error to the Circuit Court for LaFayette County, M. F. Horne, Judge.

Judgment affirmed.

*Hal W. Adams,* for Plaintiff in Error;

*J. L. Blackwell,* for Defendant in Error.

WEST, J.—In an action of replevin to recover the possession of an automobile there was a judgment for plaintiff and defendant took writ of error. The issues having been made up a jury was waived and the case was heard and determined by the Judge of the Court, who, after

hearing the evidence found in favor of plaintiff and judgment was entered accordingly.

The automobile was sold by plaintiff to defendant, a part of the consideration therefor being paid in cash and the balance by two promissory notes of defendant in which he agreed that "the right, title to and ownership" of such automobile, "including all parts, tires or accessories now on or subsequently placed thereon" by the purchaser, the maker of the notes, should remain vested in the vendor until the notes were paid. The notes also provided for the payment by the maker of a "reasonable attorney's fee if given after maturity to an attorney for collection."

The payment of one of the notes some time after it was due was proved. Plaintiff's claim is that the other note was not paid and some time after its due day this action was brought. If this note was not paid when due and before suit was instituted, this action may be successfully maintained. Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 South. Rep. 427; Printing Press & Mfg. Co. v. Walker, 22 Fla. 412, 1 South. Rep. 59.

The controversy grows out of the following circumstances: After the second note became due there was a conversation over the telephone between plaintiff and defendant, the payee and make of the note, in which the plaintiff demanded payment. Defendant requested the amount due, principal and interest, and upon being furnished with the amount agreed to send plaintiff a check for the same on Monday or Tuesday of the week following. The defendant failed to send the check on Monday or Tuesday, but did post a letter to plaintiff containing a check for the amount stated to be due on

Wednesday following, July 10, 1918. On the following day he received a communication from the attorney to whom the note had been delivered by plaintiff for collection, demanding payment of the note, principal and interest together with an additional amount for attorney's fee. No attention was paid to this letter and a few days later in a conversation by telephone the attorney advised defendant that the check had been received by plaintiff but that at the time of its receipt the note was in his (the attorney's) hands for collection, that the check had been delivered by plaintiff to him and would not be accepted in payment of the note unless a check for the additional amount demanded as attorney fee be sent him. This was refused by defendant, and a few days later his check was returned to him and suit brought for recovery of the automobile.

Defendant contends that inasmuch as plaintiff gave him the amount of the indebtedness which did not include the attorney's fee and that he thereafter sent a check for this amount to plaintiff, the delivery of the check operated to discharge the obligation and he, the defendant, cannot be held liable on the note for any additional amount as attorney fee.

If defendant had mailed the check at the time he agreed to do so this contention might be upheld, but it appears from his own testimony that he did not do so. The note was past due. It provided, as we have seen, for the payment by the maker of a reasonable attorney's fee if delivered after maturity to an attorney for collection. No reason for forbearance is shown. If the note was not already in the hands of the attorney at the time of a conversation between the parties, in which the amount

due on the note was given to defendant, upon his failure to make the check to plaintiff for such amount at the time agreed, plaintiff was at liberty to deliver the note to the attorney for collection, whereupon defendant's liability for the attorney's fee, according to the express terms of his contract, immediately attached and became a part of the obligation. Mailing a check for the amount stated a day later than agreed upon, if acceptance in full settlement of the obligation was declined, does not amount to payment. Neither does it, under the circumstances, operate as an estoppel to demand the full amount of the obligation, principal, interest and a "reasonable attorney's fee" to the attorney to whom the note was given after maturity for collection.

There was no error in the finding by the court for the plaintiff and the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.