PER CURIAM.
This is an interlocutory appeal from an order of the Circuit Court for St. Lucie County, Florida, directing that an accounting be taken and establishing the terms of the accounting. The appellant is McCain Sales of Florida, Inc., a Florida corporation. The appellees are D. H. Smith and D. H. Smith & Associates, Inc., also a Florida corporation.
The appellant, McCain Sales, manufactures and sells road signs and traffic control devices. In late 1965, McCain Sales, through its president, W. R. McCain, and appellee, Smith, entered into an oral agreement whereby Mr. Smith was to sell, as the exclusive sales agent of appellant, the appellant's road signs and traffic control devices for a commission the amount of which is in dispute. The agency commenced on 1 January 1966. On or about 29 November 1968 Mr. Smith gave McCain Sales notice that the former was terminating the association on 31 December 1968. It is our opinion, however, that the testimony and conduct of Mr. Smith and Mr. McCain indicate as a matter of fact and law that the relationship was terminanted no later than 8 December 1968.
McCain Sales filed the present suit to obtain, among other things, an accounting of monies owed to McCain Sales by Mr. Smith or D. H. Smith & Associates, Inc., by reason of Mr. Smith’s sales activities. After appellees filed responsive pleadings, the trial court held an evidentiary hearing on the issue of appellant’s right to an accounting. On the basis of the evidence adduced, the trial court entered an order the pertinent part of which reads:

“ORDERED, ADJUDGED, and DECREED that:
“(1) The Plaintiff has established a right to an accounting herein and an accounting be and the same is hereby decreed.
“(2) The parties herein may agree upon a person to act as accountant, or, upon failure to agree, a subsequent hearing will (be) held for the purpose of considering the nominees of the parties and the appointment of an accountant by the Court.

“(4) The accountant shall make his accounting upon the following bases:
(a) The Defendant, D. H. Smith & Associates, Inc., hereafter called ‘Smith’, is entitled to be credited with commissions in the amount of ten per cent on the gross collected accounts receivable of sales made as selling agent for McCain Sales of Florida, Inc., hereinafter called ‘McCain’, from the entry into this relationship on January 1, 1966, until it was terminated as of December 31, 1968, without limitation.
*760 (b) The expense of the automobile furnished to Smith by McCain shall be allocated gas and oil to Smith and all other expense to McCain.
(c) The expense of brochures, mail-outs, postage, and related advertising and sales expenses shall be charged to McCain except for the expense of compiling the mailing list which shall be charged to Smith.

(f) The Court finds that the agreement between the parties was terminable at will upon reasonable notice which was given and that neither party is entitled to recover damages as a result of the termination. The contract having been terminated, the the agreement to merge the corporations is moot and enforcement of such agreement would be inequitable due to the deadlock that would occur as a result of the present disagreement of the parties and the termination of their business relationship.
“DONE AND ORDERED in Stuart. * * *»
The appellant appeals from that order and raises the question of the sufficiency of the evidence to support the terms of the accounting specified in subparagraphs (a), (b), (c), and (f) of paragraph 4 of the order. Neither party has questioned the propriety of that portion of the order which found the plaintiff had established a right to an accounting.
From our review of the record we are satisfied that subparagraphs (b), (c), and (f) of paragraph 4 of the appealed order are amply supported by the evidence and correct in law. As to subparagraph (a), we conclude that it does not rest upon competent substantial evidence.
With respect to the oral agreement between the parties, W. R. McCain testified that he and Mr. Smith agreed in the latter part of 1965 that Mr. Smith would receive a commission on all sales made by the appellant. The rate of the commission, according to Mr. McCain, would range from zero to ten percent, the exact amount to be set by McCain on a sale-by-sale basis. The rate would vary with the profit made on the sale by the appellant. Mr. Smith, on the other hand, testified that the agreement was that the rate of his commission would be a flat ten percent. The rate of commission would be applied, according to both parties, against the “gross collected accounts receivable of sales.”
When faced with such contradictory versions of the oral agreement, we are of the opinion that the trial court should have based its determination as to the rate of commission on the evidence dealing with the actual practice of the parties from the commencement of their working relationship in January of 1966 until its termination in December of 1968. Scotch Mfg. Co. v. Carr, 1907, 53 Fla. 480, 43 So. 427.
With respect to the actual conduct of the parties, Mr. McCain testified that after March of 1966 no commission was paid at the rate of ten percent. He testified that he calculated the amount of each commission without reference to fixed rules or standards, but based it on what he thought to be fair considering the amount of profit on the sale. Some items, according to Mr. McCain, were sold at their cost to appellant. On these types of items, no commission was paid Mr. Smith. From Mr. McCain’s testimony as to the total sales in the fiscal year 1967-1968 and commissions paid in the same period, it appears that the rate of Mr. Smith’s commissions during that period of time was approximately seven percent. According to Mr. McCain, no complaint was made by Mr. Smith about the rate of commission until approximately June of 1968.
Mr. Smith testified that after the first five to seven months of his working relationship with McCain Sales, he realized that his commissions were not being paid at the rate of ten percent but were averaging “something like seven percent.” He *761 stated when asked if he complained about this to Mr. McCain:
“I complained in a ‘Can’t we pay this promptly?’ and ‘Can’t we pay it more in keeping with our agreement?’ ” (Emphasis added.)
Mr. Smith testified that in or about May 1968 he demanded that he be paid a full ten percent. Mr. Smith stated that he received his commissions usually once a month, but sometimes more frequently. Mr. Smith also testified that although he terminated his relationship with McCain Sales effective 31 December 1968, he retained in his possession proceeds from accounts receivable for sales made before 31 December. Under the working agreement between the parties these proceeds should have been paid over to McCain Sales, subject to Mr. Smith’s right to a commission. Mr. Smith testified that he retained these proceeds for his own protection and, “they were to go to McCain Sales, as soon as I got my ten percent.”
In our opinion it is manifest from the conduct of the parties that either they never agreed on an invariable ten percent rate for a commission, or if there was any such agreement, it was abandoned by the conduct of the parties in favor of the more flexible arrangement put into practice by W. R. McCain and acquiesced in by Smith for a period (according to Smith’s own testimony) of approximately two years. Compare McMullen v. McMullen, Fla.App. 1966, 185 So.2d 191.
On remand the trial court shall modify subparagraph 4(a) of the order on appeal to provide:
(1)that appellee D. H. Smith & Associates, Inc., shall have a credit for a commission only on the gross collected accounts receivable on sales made by appellant from 1 January 1966 to 8 December 1968 with respect to which (gross collected accounts receivable) no commission has been paid said ap-pellee by appellant;
(2) that the rate of any such commission shall be the amount which appellant would, in the exercise of good faith, have otherwise been paid, but for the imminent termination of the relationship between the parties, and
(3) that such rate of commission shall be determined from all relevant evidence, including:
(a) the direct testimony of W. R. McCain;
(b) evidence of commissions actually paid on similar sales; and
(c) the average rate of commission received by appellee D. H. Smith & Associates, Inc., throughout the entire business relationship of the parties.
In order to forestall further interlocutory appeals in this cause, we note that the order on appeal does not require that credit be given appellant for any of the sales proceeds retained by Smith which, under the agreement between the parties, should have been turned over to appellant. On remand, the order on appeal should also be modified to include a proper provision for the treatment of such proceeds.
Affirmed in part; reversed in part and remanded with instructions.
CROSS, C. J., REED, J., and LEE, THOMAS E., Jr., Associate Judge, concur.