691 So.2d 519 (1997)
CITY OF RIVIERA BEACH, Appellant/Cross-Appellee,
v.
JOHN'S TOWING, Appellee/Cross-Appellant.
No. 95-3352.
District Court of Appeal of Florida, Fourth District.
March 19, 1997.
Rehearing and Rehearing Denied April 30, 1997.
*520 Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., for appellant/cross-appellee.
Thomas A. Berger of Flanagan & Maniotis, P.A., West Palm Beach, for appellee/cross-appellant.
Rehearing and Rehearing En Banc Denied April 30, 1997.
WARNER, Judge.
The City of Riviera Beach appeals from a final judgment finding it liable for $12,290 in storage charges to the towing firm with which the city had contracted to remove abandoned vehicles. The city contends that the verdict is not supported by competent substantial evidence and that a directed verdict for the city should have been granted based upon the appellee's failure to prove a breach of contract. Based upon the unambiguous language of the contract, we agree and reverse.
The city entered into a towing and storage contract with appellee whereby appellee agreed to tow and store vehicles when called by the city. The contract required the appellee to prepare a daily list of the vehicles towed by the appellee at the request of the city police and to submit the list to the police department with information regarding each vehicle's license number, make, and vehicle identification number. The contract had specific provisions regarding storage facilities for towed vehicles. The storage fees charged by the appellee to vehicle owners were also specifically set forth in the document. There was no charge for city-owned vehicles. The contract also provided the following clause with respect to the city's liability:
NON-LIABILITY:
OF CITY FOR OTHER THAN CITY-OWNED OR LEASED VEHICLES:
The City shall not be responsible or liable in any manner whatsoever for either the collection or payment of any charges for services rendered, including towing and storage, unless such service is rendered by the contractor with regard to city-owned or leased equipment or vehicles.
(emphasis supplied).
In February of 1990, a vehicle was towed by the appellee at the request of the city. At a later date, the city learned that this vehicle was owned by the General Service Administration of the United States Government (GSA). At the time the towed vehicle was reported by appellee to the city, city personnel failed to enter the vehicle identification number (VIN) into their computer correctly. As a result, when the GSA reported its vehicle missing and gave the police the VIN, the computer was unable to match it to the towed vehicle. Several months went by until the parties discovered that the unclaimed vehicle belonged to the GSA. At that point, the GSA was unwilling to pay for more than three days of storage since it was not at fault for the delay. Although requested to do so by the city in accordance with contractual provisions, appellee refused to release the vehicle until it received payment for the accumulated storage charges. Appellee filed a breach of contract suit in 1992 alleging that the city was liable for the unpaid storage charges on the GSA vehicle because of its failure to process the car properly. Appellee held onto the vehicle through the trial of this action in August of 1995. The jury awarded storage charges for the entire time that the vehicle was in appellee's storage facilities.
The appellee conceded that there was no explicit contractual provision under which the city was liable for storage charges on this vehicle which was not owned by the city. Instead, it sought to hold the city liable for breaching an implied covenant of good faith, citing Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696 (Fla. 4th DCA 1988) (every contract includes an implied covenant that the parties will perform in good faith). It argued that the city had *521 not performed in good faith by erroneously entering the wrong VIN number which led to the inability to trace the vehicle.
While the principle is a good one, there is an exception to it. The implied obligation of good faith cannot be used to vary the terms of an express contract. Indian Harbor Citrus, Inc. v. Poppell, 658 So.2d 605 (Fla. 4th DCA), rev. denied, 666 So.2d 144 (Fla.1995). Although Indian Harbor was a case decided under the Uniform Commercial Code's implied obligation of good faith, we find no difference when the implied term attempts to vary the express terms of a contract not under the UCC. See Pine Lumber Co. v. Crystal River Lumber Co., 65 Fla. 254, 61 So. 576 (1913). Here, the contract explicitly absolved the city of responsibility and liability "in any manner whatsoever for either the collection or payment of any charges for services rendered, including towing and storage," unless the services were rendered in regard to city-owned vehicles. The contract provision is unambiguous. The city is not liable for storage charges on vehicles it does not own, no matter how those storage charges were caused to be incurred.
We therefore reverse and direct that a judgment be entered in favor of the city. Because of our disposition, none of the other points on appeal need be addressed.
Reversed.
STONE and STEVENSON, JJ., concur.