Bales *v.* Hunt.

No. 7911.

BALES *v.* HUNT.

PLEADING.—*Sufficiency of Complaint.—Mistake of Law.*—Ordinarily, the rule is, that the courts will afford no relief against mistakes of law. Where, however, the plaintiff's complaint showed that her mistake as to her legal rights was induced and encouraged by the misrepresentations of the defendant, and was known to and taken advantage of by him, and that he could not, in conscience, retain the benefit acquired through such mistake, such a complaint will state a cause of action sufficient to withstand a demurrer thereto for the want of facts. ELLIOTT, C. J., dissenting.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake*, for appellant.
*L. M. Campbell*, for appellee.

HOWK, J.—The circuit court sustained the appellee's demurrer, for the fifth statutory cause, to the appellant's complaint in this action, to which ruling she excepted ; and, declining to amend or plead further, judgment was rendered against her for the appellee's costs.

From this judgment the appellant, the plaintiff below, has appealed to this court, and, by a proper assignment of error, she has here presented for decision the single question of the sufficiency of the facts stated in her complaint to constitute a cause of action.

In her complaint the appellant alleged, in substance, that, on the 16th day of April, 1878, one Tarleton Bales, being

the owner in fee of certain real estate, particularly described, in Hendricks county, Indiana, mortgaged the same to the Ætna Life Insurance Company, of the State of Connecticut, to secure a debt of $800, and the appellant, being the wife of said Tarleton Bales, joined in the execution of said mortgage; that, in the negotiation of the loan which was secured by said mortgage, and in the transaction of all the business connected therewith, the appellee was the sole agent, in said Hendricks county, of said insurance company; that afterward, on the 27th day of June, 1878, the said Tarleton Bales died the owner in fee simple of said real estate, leaving him surviving the appellant, his widow, and certain children, as his heirs at law, and leaving said mortgage unpaid; that afterward letters of administration of the estate of said Tarleton Bales were issued, by the clerk of the court below, to Smith R. Davis; that the personal property of said estate was not sufficient to pay the debts thereof, and that, on the 8th day of August, 1878, the said administrator filed his petition in said court to sell the said real estate to pay the general debts of the decedent, as well as the said mortgage debt.   And the appellant further said, that she was married to said Tarleton Bales when she was very young, and remained his wife until his death; that, during all her life, until the death of said Tarleton Bales, the appellant never had any business transactions of any kind whatever, aside from the duties of her household affairs; that, at the time of the transaction hereinafter set forth, between the appellant and appellee, the appellant was entirely inexperienced in business transactions, and was wholly ignorant of her rights with respect to said real estate, as it was left to her at the death of her said husband; that afterward, on the 25th day of September, 1878, the appellant being about to remove to the State of Kansas, the appellee went to her house, situate on said real estate, and, taking advantage of her said ignorance and inexperience, opened up negotiations with

her for the purchase of her interest in said real estate; that the appellee then and there falsely and fraudulently represented to the appellant that she had no available interest in said real estate until said mortgage should be paid, and that her one-third interest therein would necessarily have to be sold to pay one-third of said mortgage; that, in order to relieve her one-third interest in said real estate of said incumbrance, she would be compelled to pay one-third of said mortgage; that the appellee then and there offered to give the appellant $200 for her interest in said real estate, falsely stating and representing at the same time that he would probably lose money by said transaction; that the appellee well knew, at the time of making said false and fraudulent representations, that said real estate was worth $2,800, and that, upon the petition of the appellant, as the widow of said decedent, in the matter of said land sale, the court below would order and direct the undivided two-thirds of said real estate to be sold to pay said mortgage; that the appellee further knew (he having theretofore taken legal advice to that effect), that it was the appellant's right, under the law, to make such petition to the court, and that it was the court's duty, under the law, to order and direct the sale first of two-thirds of said real estate to pay said mortgage; and that the appellee further knew that said two-thirds were worth, to wit, the sum of $500 more than sufficient to pay said mortgage debt.

And the appellant said, that being ignorant of her rights, and inexperienced, as aforesaid, and relying upon the appellee's good faith and honesty, and upon the truth of said false representations, and being induced solely thereby, she agreed to accept said sum of $200 for her interest in said real estate, and execute an instrument conveying her said interest to the appellee; that, at the appellee's request, the appellant went with him to North Salem, and there executed what she thought to be an instrument conveying only her interest in said real

estate, but which proved to be a warranty deed therefor; that thereupon the appellee paid the appellant the sum of $175, reserving the sum of $25 from the aforesaid sum of $200, for the purpose, as he represented, of paying the taxes on all of said real estate for the next year; that the appellee, having theretofore taken counsel and advice of an attorney of said court in regard to the appellee's rights in said land, employed said attorney on September 26th, 1878, to prepare and file a petition purporting to be the petition of the appellant in this case, praying the court to order and direct the sale of the undivided two-thirds of said real estate to pay said mortgage; that said petition was filed solely at the instance and for the benefit of the appellee, and without the appellant's authority; that said court, in accordance with law and the prayer of said petition, ordered the sale of the undivided two-thirds of said real estate to pay said mortgage; that, in pursuance of said order, the said administrator, on December 7th, 1878, sold the said undivided two-thirds of said real estate for the sum of $1,127, which sum was then in the administrator's hands, to be applied first to the payment of said mortgage debt; that on September 26th, 1878, the appellant moved to the State of Kansas, and remained entirely ignorant of her rights in the premises, and of the fraud practiced on her as aforesaid by appellee, until December 15th, 1878, when she was informed by letter that the court had ordered the sale, and it had been made, of the undivided two-thirds of said land for a sum more than sufficient to pay said mortgage; that thereupon the appellant returned immediately to this State, and, on December 28th, 1878, she tendered to the appellee the said sum of $200, in United States treasury notes, on condition that he would reconvey to her the said real estate; that the appellee refused to accept said tender and to reconvey to her the real estate so deeded by her to him; and the appellant averred that she was ready, able, and prepared to pay whatever sum

might be found to be due the appellee, by the decree of the court on the trial of this cause. Wherefore the appellant prayed the court to declare said contract null and void, and to compel the appellee to reconvey to her the said real estate, upon the payment to him of whatever sum might be found due him, and for all general relief to which she might be entitled in equity.

The appellee, or his counsel, has not favored this court with any brief or argument in support of the decision of the circuit court in this cause. We may fairly assume, however, that the court sustained the demurrer to appellant's complaint, upon the ground that the facts therein stated showed a case, on her part, of mistake of law and not of fact. Ordinarily, the rule is well established, that the courts will afford no relief against mistakes of law. But, like other general rules, this one has its exceptions. Thus, in Kerr on Fraud and Mistake, p. 400, it is said: "If the mistake of law, or as to his private right be that of one party only to a transaction, it may be either that the mistake was induced or encouraged by the misrepresentation of the other party, or that, though not so induced or encouraged, it was known to and perceived by him, and was taken advantage of, or it may be that he was not aware of mistake. Whatever may be the circumstances of the case, a court of equity may, under the peculiar circumstances of the case, grant relief. But if it appear that the mistake was induced or encouraged by the misrepresentations of the other party to the transaction, or was perceived by him and taken advantage of, the court will be more disposed to grant relief than in cases where it does not appear that he was aware of the mistake." *Skillman* v. *Teeple*, Saxton, 232 ; *Bigelow* v. *Barr*, 4 Ohio, 358 ; *Williams* v. *Champion*, 6 Ohio, 169 ; *Trigg* v. *Read*, 5 Humph. 528 ; *Sparks* v. *White*, 7 Humph. 86 ; *Lawrence* v. *Beaubien*, 2 Bailey, 623.

Again, it is said : "If a man through misapprehension or

mistake of the law, parts with or gives up a private right of property, or assumes obligations upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief, if, under the general circumstances of the case, it is satisfied that the party benefited by the mistake can not in conscience retain the benefit or advantage so acquired.'' Kerr .on Fraud and Mistake, p. 398, and notes. ''Where a contract is executed under a mistake, in point of law, which mistake is produced by the representations of one of the parties, the other may be relieved, as well as if the mistake was as to matter of fact. *Drew* v. *Clarke*, Cooke's Rep. 374, 380.'' *Evants* v. *Strode*, 11 Ohio, 480. In the case last cited, which was a suit in equity to correct a mistake as to the legal effect of the terms used in a written instrument, it was held by the Supreme Court of Ohio, that, in such cases, ''the presumption that every man knows the law * * * , should be permitted to be rebutted by proof, and relief granted against a mistake of law.''

Under the law as above stated, without adopting or approving of the doctrine of the case last cited, it would seem to be clear that the facts stated in the appellant's complaint in the case at bar were amply sufficient to constitute a cause of action in her favor, and to entitle her to the relief prayed for therein. We have given a full summary of the complaint, and it will be seen therefrom that her mistake in regard to her legal rights in the land, and the value of her interest therein, was induced and encouraged by the appellee, and was known to and perceived by him ; and that, with the full knowledge on his part of her said mistake, so induced and encouraged by him, he took advantage thereof and obtained from her a conveyance to himself of her interest in the land for about one-third of its fair and reasonable value. It will also be seen from said complaint, that immediately after the appellee received such conveyance from the appellant, of her interest in the land, he filed a petition in her

name, but without her authority, and thereon obtained an order of the court for the sale first of the other two-thirds of the land, which was thereafter sold for a sum more than sufficient to satisfy the entire mortgage debt; and that he thus secured to himself the interest in the land so conveyed to him by the appellant, free from the mortgage, for about one-third of its fair and reasonable value. *Medsker* v. *Parker*, 70 Ind. 509.

We are of the opinion that the complaint fairly shows by its averments, the truth of which is conceded as the case is now before us, that the appellant parted with her title to and interest in the land through her mistake as to her legal rights therein, induced and encouraged by the appellee's fraudulent representations, and that the appellee can not in conscience, and ought not to be permitted to, retain the benefit or advantage so acquired by him.

Our conclusion is, that the court erred in sustaining appellee's demurrer to appellant's complaint.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

ELLIOTT, C. J., dissents.