Kinney v. Dodge.

Filed May 12, 1885.

No. 11,773.

KINNEY v. DODGE.

PLEADING.—*Sufficiency of Complaint.—Mistake of Law.*—As a general rule, the courts will afford no relief against mistakes of law; but where the complaint shows that the defendant is an attorney at law, skilled and learned in the law, and that the plaintiff's mistake of law was induced by the misrepresentations of the defendant, and was known to and taken advantage of by him, such complaint states a cause of action, good even on demurrer, and good, beyond doubt, when questioned for the first time, after verdict and judgment, in the Supreme Court.

SAME.—*Special Answer.—Confession and Avoidance.—Argumentative Denial.—Issue.*—Where a special or affirmative answer does not confess and avoid the plaintiff's cause of action, but alleges facts which, if true, are utterly inconsistent with the truth of material facts averred in the complaint, such answer is an argumentative denial of such material averments of the complaint, and puts them in issue, and the burden of such issue is on the plaintiff.

PRACTICE.—*Burden of Issue.—Open and Close.—Error.*—On the trial the party on whom rests the burden of the issue has the right to open and close the case to the jury, and the refusal of such right is an available error for the reversal of the judgment.

JUDGMENT.—*Statutory Lien.—Extension of Time.*—Under section 608, R. S. 1881, the statutory lien of all final judgments, in the Supreme and circuit courts, for the recovery of money or costs, upon real estate and chattels real liable to execution, will terminate generally at the expiration of ten years after the rendition thereof; but such statutory lien may be extended beyond the period of ten years, by appeal or injunction, by death of the judgment defendant, or by agreement of the parties entered of record. Where, therefore, the only fact alleged or proved is that more than ten years have elapsed since the rendition of the judgment, there is no error in refusing to instruct the jury that such judgment is not a lien or cloud upon the title to real estate.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellant.

*R. M. Johnson* and *E. G. Herr*, for appellee.

Howk, J.—In this case the appellee, Dodge, the defendant below, has assigned here as cross error, that the appellant's complaint does not state facts sufficient to constitute a cause of action. In the natural order of things, this cross error should be first considered; because, if the appellant had no cause of action against the appellee, it is certain that the judgment below should be affirmed, without regard to any intervening error. This is settled by the decisions of this court. *Fell* v. *Muller*, 78 Ind. 507; *Clawson* v. *Chicago, etc., R. W. Co.*, 95 Ind. 152.

In his complaint the appellant alleged that, on the 21st day of October, 1882, he sold and conveyed, by warranty deed, a certain lot or parcel of land, in the city of Elkhart, to the appellee, Dodge, and in part payment for such lot the appellee executed his two promissory notes, each for the sum of $500, payable respectively in one and two years to the appellant, with eight per cent. interest from November 1st, 1881, and secured by mortgage on the lot; that appellee was an attorney at law, skilled and learned in the law, and the appellant was a farmer, and was not skilled in the law; that, on the 21st day of October, 1882, the appellant went to the appellee's office, in the city of Elkhart, to collect such first note; that appellee then informed appellant that there were certain liens and charges on such lot that were unpaid and a breach of the covenants in his deed; that the amount of such liens and charges was $59.91; that appellant knew the appellee was skilled in the law, and supposed that he knew the facts in the matter; and that, relying wholly on the appellee's statement that such matters were liens and still unpaid, and that appellee would have to pay them and could then collect the same from appellant, the latter allowed the amount thereof to be deducted from such note, and gave up

Kinney v. Dodge.

the note to appellee, taking from him a receipt in the words and figures following, to wit:

"*Office of Henry C. Dodge, Attorney at Law, 97 Main St.:*

"ELKHART, INDIANA, ———— —, 188–.

"Cost of getting Virgil Young's mortgage released . $ 2.25
"Judgment against J. T. Weaver, Oct. 30th, 1871 . . 30.07
"Six per cent. interest on the same . . . . . . . . 19.84
"Tax certificate, 1845 . . . . . . . . . . . . . 2.44
"Interest at six per cent. on same . . . . . . . . 5.31

"Total . . . . . . . . . . . . . . . . . . $59.91

"Received the above sum in full release to George Kinney of these claims against the property, which he deeded to me by warranty deed on October 21st, 1881; and I hereby discharge said Kinney from any further responsibility against said claims, which are a lien on the real estate mentioned in said deed of said date. October 21st, 1882.

"(Signed) HENRY C. DODGE."

And the appellant averred that the appellee misrepresented both the law and the facts to him, and he supposed that the same were true and relied thereon; while in truth, as the appellant had since learned, all of said claims had been fully paid, and would not have been liens if they had not been paid; that such liens were paid long before that time, and the appellee well knew that, if valid, they could not be liens on such lot at that time; wherefore the appellant said that he had been defrauded out of $59.91, and he asked judgment for $75.

It will be observed that the sufficiency of this complaint was not questioned below by the appellee, by demurrer, by a motion to make its averments more certain and specific, or by a motion in arrest of judgment. But after verdict and judgment thereon, the appellee attacks the complaint for the first time in this court, by assigning here as error that it does not state facts sufficient to constitute a cause of action. This, of course, the appellee has the right to do under section 343,

R. S. 1881; but there are often objections to a complaint, which will not be available to the defendant, if he do not take advantage of them at the proper time and in the proper manner. *Donellan* v. *Hardy*, 57 Ind. 393. It is true, as a general proposition, that misrepresentations as to matters of law merely will not afford the complaining party any cause of action. But here the complaint shows that the appellant's mistake of law was induced by the misrepresentations of the appellee, who was "an attorney at law, skilled and learned in the law." It can not be that the courts can not relieve the appellant from, nor afford him any redress for, the results of his mistake of law thus induced. *Bales* v. *Hunt*, 77 Ind. 355, and authorities cited. We are of opinion that the appellant's complaint stated facts sufficient to constitute a cause of action, good even upon demurrer, and good, beyond a peradventure, when questioned, as it is, after verdict and judgment, for the first time in this court.

We come now to the consideration of the only error assigned by the appellant, namely, that the court erred in overruling his motion for a new trial. Under this alleged error, the appellant's counsel first insists that the trial court erred in awarding the opening and close of the argument to the appellee. This point, we think, is well taken and must be sustained. It is true that the appellee's answer consisted of a single special or affirmative paragraph, in which there was no direct denial of any allegation of appellant's complaint. But it is also true that this answer does not confess and avoid the appellant's cause of action. The answer alleges facts, however, which, if true, are utterly inconsistent with the truth of material facts alleged in the complaint. Therefore, the answer is an argumentative denial of such material facts, and puts them in issue just as effectually as would a direct denial thereof. As to such material facts thus argumentatively denied, the appellant had the burden of the issue, and this gave him the right to open and close the case to the jury. *Rothrock* v. *Perkinson*, 61 Ind. 39.

It is claimed, also, on behalf of the appellant, that the trial court erred in refusing to give the jury, at his request, the following instruction: "The court instructs you that the Weaver judgment was not a cloud upon the title to said land on October 21st, 1882, even if unpaid."

The evidence is not in the record, but the bill of exceptions recites, in accordance with the proviso in section 650, R. S. 1881, that the appellant introduced evidence tending to prove all the allegations contained in the complaint, that the court gave no instruction covering in substance the ground covered by the instruction above quoted, and that such instruction was "applicable to the evidence in the cause." The alleged error of the court in refusing the instruction quoted, therefore, is properly presented by the record and must be considered. It may be conceded, perhaps, that the record shows the Weaver judgment to have been more than ten years old at the time the appellant was induced, as he claims, by the appellee's misrepresentations of both the law and the facts, to allow him a credit on his note for the amount of such judgment and interest. If it could be said that the statutory lien of a judgment terminated, in all cases and in any event, at the expiration of ten years from the time of its rendition, then the question as to whether or not a judgment, unsatisfied of record, which has ceased to be a lien on real estate by lapse of time, is a cloud upon the title to such real estate, might possibly be presented for our decision by the record of this cause. But, under section 608, R. S. 1881, the statutory lien of a judgment may be extended beyond the period of ten years by appeal or injunction, by death of the judgment defendant, or by agreement of the parties entered of record; and the record of this cause fails to show that the lien of the Weaver judgment had not been extended in either of these modes. We think, therefore, that the error of the court in refusing to give the instruction above quoted is not shown by the record in such manner as to present for our decision

the question discussed by appellant's counsel, that the Weaver judgment, by reason of the lapse of ten years after its rendition, although unsatisfied of record, was not a cloud upon the title to the lot conveyed by appellant to appellee. This question we neither consider nor decide.

It will be readily seen that there is no conflict between what we have said in this case, in relation to the effect of the proviso in section 650, R. S. 1881, and what was said by the court in the previous cases of *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423, and *Rozell* v. *City of Anderson*, 91 Ind. 591. In the cases cited the instructions complained of had been given, and it was held that the proviso in section 650, in such a case, would be of little service, as it did not change the previous practice in this court; but we also held, as we hold in this case, that such proviso would be serviceable where the instruction had been refused below, and such refusal was complained of here as error.

For the error of the court in awarding the opening and close of the case to the appellee the motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded for a new trial.

Filed April 30, 1885.