Gresley v. The State, ex rel. Neireiter.

No. 14,970.

## GRESLEY v. THE STATE, EX REL. NEIREITER.

BASTARDY.—*Judgment of Dismissal.*—*Fraud in Procuring.*—*Future Prosecution.*—Where a defendant in a bastardy proceeding, controlled and carried on by himself, the State not being made a party, by means of a fraud practiced upon the relatrix, a weak-minded person, and upon the court, procures an admission that provision for the maintenance of the child has been made, a judgment of dismissal thereupon entered is a mere nullity, and is not a bar to a future prosecution.

ARGUMENT OF COUNSEL. — *Interrogatories to Jury.* —*Discussion of.*—It is proper for counsel in argument to comment upon an interrogatory which it is proposed to propound to the jury, and to array the evidence which bears upon it.

From the Allen Circuit Court.

*O. N. Heaton* and *W. P. Breen,* for appellant.

*J. M. Robinson,* Prosecuting Attorney, for appellee.

ELLIOTT, J.—The appellant was prosecuted under the statute regulating proceedings in bastardy cases, and a judgment was rendered against him.

In answer to the affidavit filed by the prosecution, the appellant pleaded that, in November, 1888, the relatrix filed an affidavit before a justice of the peace charging him with being the father of the bastard child of which she was then pregnant; that a trial was had; that subsequently the relatrix admitted, and caused to be entered in open court an admission, that provision for the maintenance of the child had been made to her satisfaction, and signed the entry of such admission in open court, and that the relatrix was then over twenty-one years of age. The proceedings were dismissed, and an entry of dismissal was made upon the record by the justice of the peace. To this answer the State replied that the proceedings mentioned in the answer were fraudulent, and were carried on and controlled by the appellant,

Gresley v. The State, *ex rel.* Neireiter.

and that the State was not a party ; that the prosecuting attorney was not notified of the proceeding, and knew nothing of it ; that the relatrix is a deaf mute, and has been so since her birth ; that she did not know at the time she made the admission what it was, but relied upon the representation of the appellant that it was part of a marriage ceremony ; that the appellant employed the attorney who conducted such proceedings, and that the relatrix was of weak intellect and ignorant of all such matters.

The reply shows very clearly that the dismissal was procured by means of an atrocious fraud practiced by the appellant. He not only practiced a fraud upon an unfortunate woman, weak in intellect and deprived of the power of hearing and of speech, but he also practiced a fraud upon the court. He controlled a proceeding conducted ostensibly in behalf of the State, but in fact managed and conducted by him throughout so that he was at once the plaintiff and the defendant, although nominally only the defendant. A judgment so obtained can not have the slightest strength when attacked in a proper method. The only possible question here is whether the fraud in securing the judgment of dismissal relied on in the answer can be made available in any other mode than by a direct attack upon the judgment.

So far as concerns the question of compromise, there can be no doubt that the facts stated in the reply completely and effectually invalidate it, for, as every lawyer knows, fraud vitiates everything. If the transaction is secure it must be for the reason that the judgment of dismissal gives it a sanctity that protects it from collateral attack.

It is difficult to conceive how a judgment obtained at the instigation of the defendant in a proceeding managed and controlled from first to last by him, can be anything else than a mere nullity as against the State. The State knows nothing of such a proceeding, takes no part in it, and the whole thing is the work of the defendant. There is, therefore, no reason why he should receive the slightest benefit

from his own fraud, or why it should be permitted to impose any duty upon the State. Mr. Bishop, after a careful review of the authorities, declares that a criminal prosecution instigated and controlled by the defendant is a nullity to which the State need give no heed. 1 Bishop Crim. Law, section 1010. In *State* v. *Green*, 16 Iowa, 239, the court said that the State might treat the proceeding "as a mere farce." Our own cases have declared that the proceeding is a nullity, entitled to no respect. *Watkins* v. *State*, 68 Ind. 427; *Halloran* v. *State*, 80 Ind. 586. It is settled law, both in criminal and civil jurisprudence, that a judgment in form effective, but, in fact, a nullity, may be utterly disregarded. *Curtis* v. *Gooding*, 99 Ind. 45; *State Bank* v. *Abbott*, 20 Wis. 599; *Strang* v. *Beach*, 11 Ohio St. 283.

If this were an ordinary civil action concerning purely private rights there might be more difficulty in deciding the questions involved, but it is not strictly such an action, for the State, as the public representative, has rights which the relatrix can not waive. *Holderman* v. *Thompson*, 105 Ind. 112. The theory of the law is, that the State prosecutes the proceeding in order to obtain money for the support of the illegitimate child. *Ex parte Haase*, 50 Ind. 149. The State and not the relatrix is the plaintiff, and no other party can properly prosecute. *Dibble* v. *State, ex rel.*, 48 Ind. 470; *State, ex rel.*, v. *Smith*, 55 Ind. 385. As the State only can be the plaintiff, it would seem to follow that the proceeding to which the State is not a party is utterly void. The principle which underlies the rule that prevails in criminal prosecutions applies to a prosecution in bastardy cases, and, tested by that rule, the reply is good.

The failure of the justice of the peace to name the State does not invalidate the proceedings, but that consideration does not affect the question here presented, for the State was in no sense a party, as the defendant began the proceeding and controlled it to the end. He was the only real party,

and all that he did was in fraud of the State, of the relatrix and of the court.

Counsel for the appellant are in error in assuming, as they do, that a judgment obtained by the defendant against himself in a proceeding to which his adversary was not a party, is a bar; to make good the assumption that such a judgment is a bar, it must, at least, appear that there was some other party in court than the nominal defendant. *Brown* v. *Grove,* 116 Ind. 84; *Pressley* v. *Harrison,* 102 Ind. 14.

It is proper for counsel, in argument, to comment upon an interrogatory which it is proposed to propound to the jury, and to array the evidence which bears upon it.

Judgment affirmed.

Filed April 1, 1890.