POTTENGER ET AL. v. BOND ET AL

[No. 11,691. Filed February 6, 1924.]

1. APPEAL.—*Defect of Parties.*—*Waiver.*—A defect of parties is waived by not presenting the question to the trial court. p. 115.

2. TOWNS.—*Boards of Trustees.*—*Legal Entity.*—Boards of trustees of incorporated towns in this state are legal entities, and, any such board, as such, may sue and be sued, and any question as to the power of any such board to appear in and contest an action against it must be presented to the trial court, and, if this is not done, the question is waived. p. 115.

3. APPEAL.—*Parties to Appeal.*—*Assignment of Errors.*—*Co-Appellants Who have Paid Judgment or Waived Error.*—On appeal from the judgment in a suit by property owners assessed for the construction of a sewer, against the board of trustees and other officers of a town, to set aside the acceptance of the sewer, to set aside the assessment roll in favor of the contractor and to enjoin the collection of the assessments therefor, the fact that certain of the property owners have paid their assessments, or executed waivers of error, does not bar their right to appeal, and where they have been joined as appellants in the assignment of errors, need not be given notice of the appeal. p. 117.

4. APPEAL.—*Parties to Appeal.*—*Two Assignments of Error.*—*Notice to Parties Omitted from One.*—Where all of the parties that were plaintiffs joined as appellants in the first of two as-

signments of error, the failure to join some of them in a second assignment is of no consequence, and notice to the ones omitted therefrom is not necessary to confer jurisdiction on appeal.   p. 117.

5.   TRIAL.—*Special Finding of Facts.—Conclusion of Law.*—In a suit by property owners against a board of town trustees to set aside an acceptance by such board of a sanitary sewer, to set aside the assessment roll therefor and to enjoin collection of the assessments, where the court found that the sewer had not been constructed according to contract in many particulars, such defective construction having rendered the sewer ineffective for the purpose intended, a conclusion of law "that the acceptance of said sewer by said town board, under the facts found in said finding, constitutes a constructive fraud," is correct. p. 118.

6.   TRIAL.—*Special Fnding.—Conclusions of Law.*—In a suit by property owners against a board of trustees of an incorporated town and other officers thereof to set aside an acceptance by said board of a sanitary sewer, to set aside the assessment roll therefor, and to enjoin the collection of such assessments, where the court·found that the sewer had not been constructed according to contract in many particulars, such defective construction having rendered the sewer ineffective for the purpose intended, a conclusion of law that the town board should be enjoined from making any new assessment roll or ordering any further acceptance of said sewer, and the town officials should be enjoined from collecting such assessments, until the contractor had complied with three conditions, none of which included the completion of said sewer in substantial compliance with the contract therefor, is erroneous.   p. 118.

7.   APPEAL.—*Cross-errors by Appellees.—Necessity of Assignment.*—Appellees cannot question the correctness of conclusions of law where they have not assigned cross-errors.   p. 119.

8.   APPEAL.—*Erroneous Conclusions of Law.—Harmless Error.*—An erroneous conclusion of law is rendered harmless only when a correct judgment is rendered on the conclusion remaining after the elimination of the erroneous one.   p. 120.

9.   JUDGMENT.—*Construction.*—A judgment·should be so construed as to give effect to all of its parts, and to every word of such parts, including such effects and consequences as follow by necessary implication from its terms, although not expressed, and applying this rule, a clause in a judgment may receive a construction different from that which would have been adopted if it had stood alone, for the sake of giving effect to some other part thereof.   p. 120.

10.  EQUITY.—*Powers of Courts.*—*Change of Contract not Permitted.*—While courts of equity are not circumscribed by any fast or technical rules in granting relief, and hence have a broad discretion in framing their decrees, in order to adapt the relief to the circumstances of each particular case, it is not the province of a court to change the terms of a contract, even though it may be a harsh and unreasonable one, nor will the dictates of equity be followed in the provisions of the decree if, by so doing, the terms of the contract involved are ignored, for the folly or wisdom of a contract is not for the court to pass upon.  p. 122.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Charles A. Pottenger and others against David H. Bond and others.  From a judgment for plaintiffs, the plaintiffs appeal because of the terms of the judgment.  *Reversed.*

*Cyrus E. Davis* and *Guy H. Humphreys,* for appellants.

*Kessinger & Hill, Curtis C. Hendren* and *Will R. Vosloh,* for appellees.

BATMAN, J.—This is an action by appellants against appellees, David H. Bond, board of trustees of the town of Worthington, Indiana, Hobart Hedden, as clerk, and Charles A. Pottenger, as treasurer, of said town, to set aside on the ground of fraud, the acceptance by said board of trustees of a sanitary sewer, constructed by said Bond under a contract with it; to set aside, as fraudulent and void, the assessment roll in favor of said Bond; to enjoin the collection of the assessments therefor, the issuing of certificates thereon, and further payments to said contractor on account thereof, and from taking any further steps in the matter of said improvement.  The complaint is in a single paragraph. Appellee Bond filed an answer thereto in four paragraphs.  The appellees, other than Bond, filed a like answer.  A reply in general denial having been filed to

the affirmative paragraphs of each of said answers, the cause was submitted to the court for trial, and, on request, a special finding of facts was made, and conclusions of law stated thereon. In the former, the court, after reciting the statutory proceedings taken by the board of trustees for the construction of the sewer, states that a contract therefor was made with said Bond, and sets out the provisions thereof. It is then found, in substance, among other things, that said contractor subsequently presented a report to the board of trustees in which he claimed to have completed the construction of said sewer in all things according to his contract therefor, and asked that the same be accepted; that said board then made an examination of said sewer, and attempted to become acquainted with its condition, and ascertain whether it had been completed according to contract; that said board thereafter entered an order accepting said sewer, and proceeded to make an assessment roll therefor, which included assessments against the real estate of appellants; that after notice and a hearing, as provided by law, said assessment roll was confirmed by said board; that the specifications for said sewer provide, among other things, as follows:

"Gaskets will be made of oakum or hemp twisted into strands of such size as will compress into joints, completely filling it all around so as to prevent the intrusion of mortar into the interior of the pipe. * * * Before cementing, the interior of the joints shall be carefully wiped smooth and the annular space must be completely cleaned of dirt, stones and water. A narrow gasket of oakum or hemp, dipped in cement grout shall be properly caulked into each joint. after which the cement mortar shall be introduced therein. Special care to properly fill the annular space at the bottom and sides as well as at the top of the joints with mortar

must be taken.  The interior of the joint shall then be wiped clean of cement by a rubber disk or other improved device. · *   *   *   The contractor may elect to be judge as to the best method of securing foundations for the sewer pipe in wet or unsuitable ground where extraordinary conditions exist.  If he elects this method of procedure, the entire responsibility of securing satisfactory results must be assumed by the contractor." It is further found that in different places in said sewer, the tile were laid in water bearing sand or soil, and that, in such cases, it was necessary to the efficiency and permanency of said sewer to use the gaskets of oakum, and to observe the methods of sealing and cementing the joints as specified; that in some of said water bearing sand or soil, said oakum was not used, and said specifications were not observed, with the result that said joints were left defective, leaving leaks therein, through which sand and water could enter into said sewer and obstruct the same, and through which sewage could leak; that, in the construction of said sewer, extraordinary conditions were found to exist in this, that wet or water bearing sand was encountered in many places in the trenches in which the pipes were to be laid, for a total distance of 2,300 feet; that the nature of the sand was such that the sewer pipe to be laid therein, which were eighteen inches in diameter, required, in order to keep them from sinking and hold them secure, and to render said sewer lasting and efficient, that artificial foundations, either of timber or stone be used; that throughout said portions of said sewer trench, said contractor did not use or construct foundations of any kind whatever under the aforesaid 2,300 feet of said sewer pipe, but left the same without such foundation, because of which omission, said sewer line was liable to subside, break and part, and is yet liable to subside, break and part, and destroy entirely

the efficiency or usefulness of said sewer; that in two places along the course of that part of said sewer above mentioned, there have already been subsidences and a sinking and breaking, and a total stoppage of said sewer by reason of the lack of said foundation, and the proper closing of said joints; that the omissions of said foundations and the closing of said joints as before stated has rendered said sewer liable to sink, and it will probably do so in the future, in other places along said lines, and thereby wholly obstruct and destroy its efficiency as a sanitary sewer; that, as shown by finding No. 9½, there was a failure to construct the manholes in said sewer of the size specified therefor, which resulted in a saving of fifteen per cent. of the amount it would have cost if they had been so constructed; that said contractor effected a further substantial saving of money by said other omissions in the construction of said sewer; that said sewer, because of the omissions of said contractor to follow the plans and specifications therefor, is left inefficient and insecure, and liable to sink and collapse at any point in said water bearing sand formation, where foundations have not been laid, and will remain insecure and liable to collapse until said foundations are constructed under said sewer; that there was at no time any intent to defraud or actual fraud perpetrated upon the part of the contractor or engineer in charge, or said board, or any member thereof, or of any other officer of said town in the construction of said sewer, or in the final acceptance of same, which was done in good faith; that the said breaks in the sewer and subsidence caused thereby have been repaired, and that said sewer system is now working satisfactorily, and doing the work for which it was intended. The court stated the following conclusions of law on the facts found:

"(1) That the law is with the plaintiffs and that

Pottenger *v.* Bond—81 Ind. App. 107.

the acceptance of said sewer by said town board, under the facts found in said findings, constitutes a constructive fraud for which said acceptance should be set aside, until conditions in conclusion No. 3 are complied with. (2) That said assessment roll, in so far as it affects the plaintiffs herein, should be set aside until conditions in conclusion No. 3 are complied with. (3) That the defendants, Board of Trustees of the Town of Worthington, Hobart Hedden, as town clerk, and Charles A. Pottenger, as town treasurer of the town of Worthington, should be enjoined from taking any further steps to collect said assessments so set aside, and that said town board should be enjoined from making any new assessment roll or ordering any further acceptance of said sewer until, First, the contractor credits the original contract price with the difference in the cost of construction of manholes as specified in the plans and specifications and the manholes as actually constructed and referred to in Finding No. $9\frac{1}{2}$. Second, until the contractor or his bondsmen reimburse the town of Worthington for expenses and obligations already incurred in repairing said sewer up to this date. Third, until said contractor or his bondsmen place on file with said town board a good and sufficient bond that he will indemnify the town of Worthington against all damages resulting to said sewer system as a result of any defect in construction thereof, and said bond is to remain in full force and effect for a period of five years from the date of the bond. Until the contractor complies with the three conditions above set out, said injunction remains in force, and when said contractor or his bondsmen fully complies with the three items set out in this conclusion, said injunction will abate and be dissolved. (4) Judgment against defendants for costs."

The court rendered the following judgment thereon: "It is therefore considered and adjudged by the court that the acceptance of the sanitary sewer system in the town of Worthington, Indiana, constructed by the defendant, David H. Bond, as contractor, together with the assessment roll setting forth the assessments of benefits for the construction of said sanitary sewer system are each set aside, and it is further considered and adjudged by the court that the Board of Trustees of the town of Worthington, Indiana, Hobart Hedden, as town clerk of the town of Worthington, Indiana, and Charles A. Pottenger, as town treasurer of the town of Worthington, Indiana, are each hereby enjoined from accepting said sanitary sewer system or from making a new assessment roll therefor, or paying any money to the defendant David H. Bond, contractor of said sanitary sewer system on account of assessments heretofore paid to said town of Worthington, Indiana, for the construction of said sanitary sewer system, until such time as the defendant David H. Bond contractor for the said sanitary sewer system or his bondsmen shall (here follows in substance, but in more detail, the three requirements specified in conclusion No. 3). It is further considered and adjudged by the court that this injunction shall only be effective and operative against the acceptance of said sewer and the making of a new assessment roll until the said matters set forth in this judgment are complied with, and that when the said matters required to be done in this judgment shall have been done as specified herein, then and in such event this injunction shall abate and be dissolved, and that thereupon said board of trustees of the town of Worthington shall prepare a new assessment roll giving proper credit to the property assessed for said sum of $1,737.75 above set forth and take such other steps as by law provided for the full acceptance of said sewer

system, and it is further adjudged that the plaintiffs and each of them shall have the privilege of installment payments on said new assessments as provided by statute, upon their filing waivers as provided by statute."

Appellants filed a motion to modify the judgment in certain particulars, which was overruled. This appeal followed, based on an assignment of errors alleging that the court erred in stating each of its conclusions of law, and in overruling said last named motion.

Appellees, other than David H. Bond, have filed a motion to dismiss this appeal. Certain of the reasons given therefor have been rendered unavailing because of amendments subsequently made by leave of court, and hence will not be considered. The remaining reasons will now receive attention. It is contended that the town of Worthington, Indiana, was a necessary party, and that the record shows a failure to make it such. It suffices to say that if appellees' contention were true, such omission would constitute merely a defect of parties. No question in that regard having been presented in the court below, it will be deemed waived on appeal. *White* v. *Suggs* (1914), 56 Ind. App. 572, 104 N. E. 55.

It is also contended that the board of trustees of the town of Worthington, Indiana, named as a defendant below, and an appellee in this court, is not a legal entity, and that since this is true, and the members of such board, in their official capacity as such trustees, were not made parties below, the appeal should be dismissed. Appellees are in error in making this contention. Boards of trustees of incorporated towns in this state are legal entities, as their existence is repeatedly recognized in the various sections of the several statutes relating to such towns, in which specific powers and duties are conferred and imposed upon such boards. The statute concerning mu-

nicipal corporations provides, that the board of public works in cities of the first, second, third and fourth classes shall have charge of the establishment and construction of sewers therein, and of making and collecting assessments therefor. . Section 265 thereof provides that, "The provisions of this act relating to * * * sewers and other public improvements [in cities] of the first, second, third and fourth classes, shall apply to cities of the fifth class and to incorporated towns, and the duties of the board of public works in relation to such matters shall be performed * * * in towns by the board of town trustees." §8959 Burns 1914, Acts 1913 p. 12. It thus appears that this action relates to certain matters which involve the. duties of the board of trustees of the town of Worthington, imposed upon it as a collective body. Such board appeared by attorneys, whose authority is not questioned, and filed an answer in bar, in which it seeks to defend, in part, by reason of certain acts performed by it as a collective body, pursuant to statute. Each individual member thereof knew his relation thereto, and that its acts, in the attempted discharge of certain duties, had been challenged in this action, under the same name, substantially, in which such duties had been imposed. If the individual members of such board had any objections to answering such challenge under the designation which the statute gives, they should have presented the same in the court below; but, having failed to do so, neither they, nor any coparty who remained silent, can be heard to complain in that regard on appeal. It would seem strange indeed, that an alleged defendant could be sued as a legal entity, answer as such, obtain a judgment with which it is satisfied, file a plea in bar on appeal, and then declare its own non-existence, in order to retain the advantage thus gained.

The motion of appellees to dismiss the appeal is based

on the further reason, that, as they contend, two assign-
ments of error, or a single assignment with two

3, 4. paragraphs, are attached to the transcript, one
of which contains the names of all of the plain-
-tiffs below, as appellants, and the other omits a num-
ber of them. It appears by the plea in bar, filed by
appellees other than Bond, that certain persons whose
names appears as appellants in one of the assignments
or paragraphs, but are omitted from the other, have
either paid an assessment, subsequently made on ac-
count of the construction of the sewer, in pursuance of
the judgment involved in this appeal, or have executed
waivers of error, and filed the same with the clerk of
said town, in order to secure the privilege of paying
their respective assessments in ten equal installments.
Appellees contend that by reason of their acts in so
doing, they cannot be considered as having joined in
the assignment or paragraph in which their names ap-
pear as appellants, and therefore should have been
served with notice of this appeal, no matter which one
of the assignments or paragraphs is relied upon. We
cannot concur in this contention. The fact that cer-
tain persons, named as appellants, may have paid their
assessments, or executed waivers of error, as stated,
does not bar their right to appeal, whatever may be its
effect on their right to relief thereby. It follows that
such persons, having joined in the appeal through one
assignment of errors, or one paragraph of an assign-
ment, need not be given notice, although they may not
be able to prevail on any error assigned. *Koons* v.
*Burkhart* (1916), 78 Ind. App. 691, 113 N. E. 751. It
also follows, that since all of the parties who were plain-
tiffs below have joined in the first assignment of errors
or paragraph, the failure to join certain of them, in the
second assignment or paragraph, is of no consequence,
and notice to the ones omitted therefrom was not re-

quired in order to confer jurisdiction on appeal. Appellees having failed to show any just cause for dismissing the appeal, the motion therefor is overruled.

Appellants contend that the court erred in stating each of its conclusions of law. It will be observed that the court stated as a part of its first conclusion: 5, 6. "That the acceptance of said sewer by said town board, under the facts found in said findings, constitutes a constructive fraud." This part of said conclusion, standing alone, appears to be correct, in the light of the following decisions: *Leader Pub. Co.* v. *Grant Trust, etc., Co.* (1915), 182 Ind. 651, 108 N. E. 121; *Cotterell, Admr.,* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235; *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 103 N. E. 16; *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282; *Alsmeier* v. *Adams* (1914), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58; *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429; *Dunker* v. *Calahan* (1916), 64 Ind. App. 624, 113 N. E. 15; *Neil* v. *Turner* (1919), 77 Ind. App. 78, 125 N. E. 228. However, we are warranted in assuming that it is correct, since appellees have not assigned cross-errors, and appellants, in part, base their right to a reversal thereon. When we take this conclusion of law in connection with the facts found, it is clear that appellants were entitled to conclusions of law on which a judgment setting aside the acceptance of said sewer, and the assessment roll therefor, could be based, and proper injunctive relief granted. Were such conclusions of law stated? As the third conclusion of law is, by reference, made a part of the first and second, we shall direct our attention to it first. It is there stated as a conclusion of law, in effect, that appellees, other than Bond, should be enjoined from taking any further steps to collect said assessments so set aside, and that the town board should

be enjoined from making any new assessment roll, or ordering any further acceptance of said sewer, until appellee Bond shall have complied with three conditions, and that when appellee, last named, or his bondsmen, shall have fully complied with the three conditions specified therein, then said injunction shall abate and be dissolved. It will be observed that the completion of said sewer, in substantial compliance with the contract therefor, is not one of the three conditions. This, of itself, under the facts found, which show a radical departure from the provisions of the contract in certain material particulars, renders said third conclusion erroneous, unless some fact is found which would relieve the contractor from so doing. A careful examination of the facts found fails to disclose any which would have the effect stated, except as to the omission of oakum in dry trenches. We therefore conclude that the court erred in stating said third conclusion of law, and likewise said first and second conclusions, as each of them fails to state that the acceptance of the sewer, and the assessment roll therefor, should be set aside permanently, or until the completion of the sewer according to contract, but limits appellants' rights in that regard to conditions other than the one just mentioned.

We will now notice some of the objections urged by appellees in opposition to the conclusion we have announced. It is insisted that the complaint in this

7. action is based on actual fraud, and, since the court found there was no such fraud intended or perpetrated, appellants cannot prevail in this action, as a party may not allege actual fraud and recover on constructive fraud. It is also insisted that the conclusion as to constructive fraud, as stated, was unwarranted, since it is not found that the board of trustees had knowledge that the sewer had not been constructed in substantial compliance with the plans and specifica-

tions, but the finding is made, that the act of such board in accepting the same was done in good faith. It suffices to say, in answer to these contentions, that appellees are not in a position to raise any such questions on appeal, as they have not assigned cross-errors, or laid the basis for such an assignment as would have permitted them to do so.

Appellees contend that the court ignored the concluding parts of the first and second conclusions of law, in the rendition of the judgment, as the acceptance of the sewer, and the assessment roll therefor, were set aside thereby unconditionally, and hence any error in either of such conclusions, by reason of reference to conclusion No. 3, was rendered harmless. The rule which appellees seek to invoke is available only when a correct judgment is rendered on the conclusions remaining after the elimination of such erroneous portions. Was such a judgment rendered in the instant case? A judgment should be so construed as to give effect to all of its parts, and to every word of such parts, including such effects and consequences as follow by necessary legal implication from its terms, although not expressed. 23 Cyc 1101. In the contemplation of this rule, a clause in a judgment may receive a construction different from that which would have been adopted if it had stood alone, for the sake of giving effect to some other part thereof. *Ex parte Beavers* (1859), 34 Ala. 71. In other words, the judgment must be construed as a whole, in order to ascertain its true meaning. *Drach* v. *Isola* (1910), 40 Col. 134, 109 Pac. 748. Applying this rule to the judgment before us, we cannot say that the erroneous parts of said first and second conclusions were ignored, nor can we say that a correct judgment was rendered, if they were ignored. While the language used in the first part of the judgment, if standing alone, would indicate that the accept-

ance of the sewer, and the assessment roll therefor, were set aside unconditionally, other parts of the judgment indicate that this setting aside was a matter of form, more than a matter of substance. We say this in view of the fact that it provides, that after certain things are done, which do not include the completion of the sewer according to contract, but the doing of those things contemplated by the latter portions of said first and second conclusions, that a new assessment roll should be prepared, and such further steps taken by said board of trustees, as by law provided for the full acceptance of said sewer. Such a judgment, in our opinion, would result in producing the same practical effect as if the erroneous parts of said first and second conclusions had been stated in the judgment formally rather than substantially. We are led to believe from statements made in the oral argument of this cause, as well as by the facts contained in the plea in bar filed by appellees in this court, that the parties construed the judgment as we have indicated. We therefore conclude that the rule which appellees have sought to invoke is not available to them for the reasons stated.

Again it is contended that each of the three requirements contained in conclusion No. 3 is favorable to appellants, and hence they have no right to complain because of their presence in said conclusion. As we understand, appellants are not complaining so much of the presence of these requirements in said conclusion, as they are of the absence of a requirement that appellee Bond should complete the sewer in substantial compliance with the contract. It is the substitution of said three requirements for the material one last named, that forms the basis of their complaint. Appellees, therefore, have not shown a sufficient reason for an application of the rule which they have sought to invoke.

It is contended that since this is a proceeding in

equity, the court was authorized to award appellees such affirmative relief as was necessary to effect an equitable result; that, under the circumstances of this case, it would be inequitable to require appellee Bond to reconstruct that portion of the sewer which the court found did not comply with the contract, but that equity required that appellants should accept the performance of the three conditions found in conclusion No. 3 in lieu of such reconstruction, under the maxim that he who seeks equity must do equity. We agree with appellees as to the character of these proceedings, but cannot agree that the court, in the exercise of its equitable powers, was authorized to require appellants, under the facts found, to accept anything as a substitute for the construction of the sewer in substantial compliance with the contract. While we recognize that courts of equity, in granting relief, are not circumscribed by any fast or technical rules, and hence have a broad discretion in framing their decrees, in order to adapt the relief to the circumstances of each particular case, there are limits beyond which even a court of equity may not go. One of such limitations is stated in a recent legal treatise as follows: "It is not the province of a court, however, to change the terms of a contract which has been entered into, even though it may be a harsh and unreasonable one. Nor will the dictates of equity be followed if by so doing the terms of the contract are ignored, for the folly or wisdom of a contract is not for the court to pass upon. Its terms, however onerous they may be, must be enforced if such is the clear meaning of the language used, and the intention of the parties using that language." 13 C. J. 541. See, also, Pittsburgh, etc., Iron Co. v. L. S. Iron Co. (1898), 118 Mich. 109, 76 N. W. 395; Cody Lumber Co. v. Coach (1915), 76 Ore. 106, 146 Pac. 973; Pine Lum. Co. v. Crystal, etc., Lum. Co. (1913), 65 Fla. 254, 61 So.

576. Should it be urged that this general rule is not without its exceptions, our answer would be that no facts are found which would warrant the application of an exception. The contract is not unconscionable or its methods of performance impracticable. Its terms are not even harsh, and certainly no facts are found which tend to excuse a substantial compliance. Under such circumstances, it appears absurd to contend that the parties who are compelled by law to bear the burden of payment may be required, through a decree of a court of equity, to accept anything substantially less than full compliance with the contract. In our opinion, we will take a step backward in the administration of justice, if courts of equity assume to possess the power to relieve contractors for public improvements from substantial compliance with the requirements of their contracts, conditioned that they give a bond, or perform some other act not provided therein, in lieu of such compliance, and thus take from those in whose behalf such contracts were made, not only a substantial right thereunder, but impose upon them the inconvenience, annoyance and expense of enforcing such substituted rights, assuming that they are adequate and enforceable, which may not be true.

Having reached the conclusion announced we find it unnecessary to consider the remaining error alleged. For the reasons stated, the judgment is reversed as to all appellants, except the following, who signed the waiver of error, pursuant to §8718 Burns' Supp. 1921, Acts 1915 p. 548, as disclosed by the plea in bar, filed by appellees other than David H. Bond, viz.: Minnie C. Crites, George Secrest, Clarence W. Heston, Jessie M. Heston, Earl Dyer, May Burris, Allen Gaskill, Mervin G. Heston, Haston Cornwall, Mary A. Criss, Sarah M. Bunger, Fred R. Griffith, Annie Catterson, Thomas L. Catterson, Wm. F. Hansford, Josiah T. Walker, exec-

utor of last will of Grevilla Hansford, deceased, Margaret J. Howe, W. J. Merrill and Herman Ball, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, as to all of the appellants not herein specifically excepted, and enter judgment accordingly.