AYRES, ADMR., *v*. SMITH

[No. 28,451. Filed February 23, 1949.]

84

*A. J. Kahl, R. F. Davidson,* of Danville, *John A. Royse, Howard P. Travis, Herbert J. Backer,* all of Indianapolis, for appellant.

*Stevenson & Kendall,* of Danville, for appellee.

EMMERT, J.—This is an appeal from a judgment on a general finding for the appellee and that she recover $9,240 on her amended claim against the appellant. The error assigned on this appeal is the overruling of the motion for new trial, which as causes therefor alleged that the decision of the court was not sustained by sufficient evidence, and was contrary to law.

The amended claim alleged in substance that appellee at the special instance and request of John M. Stanley performed services for him as his housekeeper, cook, servant, nurse and general helper on the farm for a period of approximately 1,240 weeks until his death on

April 27, 1944, for which he had promised compensation, for which services the estate was indebted to her in the sum of $15,000, less a credit in the sum of $2,950.

The amended claim further averred that said decedent left surviving him as his sole and only heir at law one son, Edgar Stanley, and that at his solicitation claimant on the 10th day of May, 1944, went to the office of the attorney for the administrator, who represented to her that she could not recover for services performed more than six years prior to the death of decedent; that claimant was grieved and distressed and sick in body, and ignorant of her rights under the law and without experience in business or legal affairs, which was known to said attorney and heir at law, and that she wholly relied upon the advice of said attorney and his superior knowledge, and had trust and confidence in him and believed his statements.

Appellee further charged that said attorney prepared a contract for the settlement of her claim which she signed; that said attorney prepared a claim for her to execute, which she signed and filed in the clerk's office, which claim recited that it was "For services rendered John M. Stanley during his lifetime as housekeeper, and etc., for a period of twenty-six years next preceding his death, said amount is for balance due for any and all services rendered, $3,200."

The claim was at once transferred to the issue docket, and by agreement of the parties it was presented to the Hendricks Circuit Court for trial, finding and judgment. The amended claim in this appeal charged that the attorney "at said time and place, purported to represent both the claimant and the decedent's estate before the Court, and prevailed upon the Court to enter a judgment against the estate of John M. Stanley and in

favor of the Claimant [appellee] herein in the sum of Three Thousand Two Hundred Fifty ($3,250) Dollars"; that the said attorney "in truth and in fact managed and controlled both sides of said litigation even though their interests were conflicting and antagonistic; that said judgment so entered upon said date [May 10th, 1944] was not requested or desired by the claimant and was not necessary for the protection of her rights and was demanded and insisted upon by the attorney for the estate for the false and fraudulent purpose of preventing the claimant from collecting the balance due on her claim. . . ."

The amended claim further averred that later, after she had recovered from her illness and shock and grief occasioned by the death of John M. Stanley, she consulted another attorney as to her rights, and was advised that her claim for services was not limited by the six year statute of limitations, that she would be entitled to recover for 1,240 weeks of service, that it was not necessary to reduce her claim to judgment for her protection and that the contract for settlement was induced by false and fraudulent representations. Immediately thereafter and within the term the judgment was entered, she filed a motion to vacate and set aside the judgment because of the fraud practiced upon her in its procurement. This motion was opposed by the same attorney for the estate. A demurrer to the motion was sustained, but the record in this appeal does not disclose that any judgment was ever entered for failure or refusal to amend. The amended claim charged that the court overruled the motion to vacate and set aside the judgment. The record does not show that the issues were closed in this proceeding to vacate the judgment, nor does it disclose any evidence was heard therein. The prayer of the amended claim was for judgment for

$12,000 and "for all further and proper relief in the premises."

The administrator filed several paragraphs of answer, one being an argumentative denial, another an answer of *res judicata,* and another asserting payment. The appellee's only reply alleged in general terms the fraud inducing the settlement and affecting the judgment, and prayed that the judgment "be declared null and void and of no binding effect upon this claimant."

Before trial, the appellant filed a motion for trial by the court without a jury on the ground that the cause was (1) of "equitable cognizance," (2) to have a judgment set aside for fraud, and (3) concerned "fundamental questions . . . of law and not questions of fact." This motion was sustained and the trial was by the court without the intervention of a jury.

The claim was sufficient to state a cause of action. "All that is necessary by way of a complaint is a statement containing sufficient substance to apprise the administrator or executor of the nature of the demand, and such a statement that a judgment based thereon may be used to bar another suit for the same claim. Such statements are placed upon the same footing as those required to be made by the plaintiff in actions originating before a justice of the peace." I *Henry's Probate Law and Practice* p. 372, § 300 (5th Ed.), and authorities cited. If the facts in evidence, and the reasonable inferences therefrom considered most favorably to the appellee, establish a cause of action on any theory, it is our duty to affirm the judgment of the trial court, when the error on appeal is assigned that the decision is not sustained by sufficient evidence and is contrary to law. "The strict rules by which complaints in civil actions are tested do not control in the prosecution of claims against a decedent's

estate, and, if the claimant has proved enough of the facts alleged to make out a cause of action for the relief granted, a judgment allowing it will not be set aside because she also alleged other facts by which she sought to recover on a particular theory, and failed to prove them, if she did so fail. *Stanley's Estate* v. *Pence* (1903), 160 Ind. 636, 641, 66 N. E. 51, 67 N. E. 441; *Caldwell* v. *Ulsh* (1916), 184 Ind. 725, 732, 112 N. E. 518." *Peoples Bank & Trust Co.* v. *Mills* (1923), 193 Ind. 131, 134, 139 N. E. 145. See also, I *Henry's Probate Law & Practice* p. 417, § 320 (5th Ed.) and cases cited. Under these well settled principles governing the pleading of claims in the estates of decedents, the answer of *res judicata* was not a defense to the amended claim, since the claim averred facts, which if proved, would make the judgment voidable for fraud practiced upon the claimant and upon the court in its procurement. The reply was surplusage, since the answer of *res judicata* failed to state a cause of defense.

The original claim was for continuing personal services, and in such cases the statute of limitations does not begin to run until the services are ended. *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51; *Winston* v. *Kirkpatrick* (1941), 110 Ind. App. 183, 37 N. E. 2d 18; *Kitch, Admr.*, v. *Moslander* (1943), 114 Ind. App. 74, 50 N. E. 2d 933.

An action for fraud may be predicated upon a misstatement of law made by an attorney. *Kinney* v. *Dodge* (1885), 101 Ind. 573; *Bales v. Hunt* (1881), 77 Ind. 355. It is not necessary to detail the evidence most favorable to the appellee, but it is sufficient to note that there was evidence that the appellant's attorney did make the representations complained of, and in substance controlled both sides of the litigation, which control constituted in law a fraud on the

court. *Gresly* v. *State ex rel. Neireiter* (1890), 123 Ind. 72, 24 N. E. 332; *Burnett* v. *Milnes* (1897), 148 Ind. 230, 46 N. E. 464; *Oster* v. *Broe* (1902), 161 Ind. 113, 64 N. E. 918. No lawyer can well serve two masters. The trial court weighed the conflicting evidence on these charges, and on appeal we are not at liberty to reweigh the evidence.

As we construe the amended claim, it was an equitable proceedings directly attacking the prior judgment for fraud in its procurement. "In *Cottrell, Admr.,* ▮▮▮ v. *Koon* (1898), 151 Ind. 182, 185, 51 N. E. 235, it was said that 'an attack upon a judgment for fraud in its procurement is regarded as a direct attack, which is permitted, notwithstanding the decree or judgment questioned may appear upon its face in all respects regular and valid. . . . It would certainly be a rare instance in which the decree would disclose the fraud or imposition upon the parties or upon the court.' See also, *State* v. *Hindman* (1903), 159 Ind. 586, 591, 65 N. E. 911; *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029." *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 518, 130. N. E. 230. See also 34 C. J., Judgments, 520, 521, § 827. The fact that in the same proceedings she also sought recovery of a money judgment for the unpaid portion of her services did not change the equitable issues, and the record does not show that the appellant sought to question the claim for a misjoinder of the causes of action. Such error, if any, was waived by failing to demur for misjoinder of causes. I *Watson's Work's Practice & Forms* 211, § 320. Nor was there any motion to separate the causes of action of the amended claim. If such a motion had been made and overruled it would not have been reversible error on appeal. I *Watson's Work's Practice & Forms* 572, 573, § 833. The administrator

made no objection to the amended claim on the ground that there was another action pending for the same cause, either by way of demurrer or plea in abatement, and such failure constituted a waiver. Sections 2-1007 and 2-1011, Burns' 1946 Replacement; *Mansfield* v. *Hinckle* (1923), 81 Ind. App. 6, 12, 139 N. E. 700.

Nor would the fact that the appellee did not tender back what she had received under the prior judgment prevent her bringing the action to set it aside. She pleaded the amount she claimed to have received as a proper set-off, and we must presume that the trial court determined the amount of any payment or set-off in finding the amount of her recovery. In *United States* v. *Beebe* (1900), 180 U. S. 343, 45 L. ed. 563, 21 S. Ct. 371, the United States filed a bill to vacate a consent decree for fraud and want of authority by the District Attorney to compromise the claim, without a tender back of the amount received under the judgment. The United States Supreme Court held that the consent decree should be set aside because the District Attorney had no authority to agree to a less amount than that due, but that a tender back was not necessary, since the payment would constitute "by that amount a reduction of the claim of the government."

The record here does not disclose any adjudication of appellee's motion to set aside and vacate the prior judgment. This was a direct proceedings in equity in the same cause, and if the pleading designated as a motion was anything, it was an adversary petition alleging a cause of action in equity to vacate the judgment for fraud. Evidently the appellant so construed it, for he filed a demurrer to it which was sustained, but this ruling by the court was not followed by any judgment against the appellee to amend or by any final judgment against the appellee for failure

or refusal to amend. The appellee had the absolute right to amend or refuse to amend before a final judgment could be entered against her. *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 129 N. E. 853. A purported overruling of an adversary petition, alleging a cause of action which presents issues requiring evidence to determine, does not constitute an adjudication of the equitable causes presented, any more than the overruling of a complaint without more would be an adjudication against the plaintiff.

The judgment of the trial court is not to be commended for its form, but the appellant made no objection to it in the trial court, and we can not reverse on appeal for that reason. *Miles* v. *Buchanan* (1871), 36 Ind. 490, 503. "Judgments should be liberally construed so as to make them serviceable instead of useless. Necessary legal implications are included although not expressed in terms." 49 C. J. S. 864, § 436. "A judgment should be so construed as to give effect to all its parts, and to every word of such parts, including such effects and consequences as follow by necessary legal implication from its terms, although not expressed." *Pottenger* v. *Bond* (1924), 81 Ind. App. 107, 120, 142 N. E. 616. By necessary legal implication, the judgment vacated the prior judgment obtained by fraud when it adjudged that the appellee recover the sum of $9,240.

The decision of the trial court was sustained by sufficient evidence, and was not contrary to law. Therefore the judgment is affirmed.

NOTE.—Reported in 84 N. E. 2d 185.